Bertha Rogers by her Next Friend W. H. Rogers, Appellant, v. George W. McCraw et al., Respondents.

St. Louis Court of Appeals, March 12, 1895.

1. **Public Schools:** RIGHT OF ATTENDANCE. A resident of a school district is not entitled to attend the public schools of the district, unless he is within the age limited by the constitution, namely, between the ages of six and twenty years.

2. ———: ———: PLEADING. Every constitutive fact of a cause of action must be distinctly set forth in the petition; otherwise it will be subject to demurrer. Accordingly, a plaintiff states no cause of action for an alleged exclusion from the public schools, when he states his age to be over six and under twenty-one years.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*Pepper & Steele* and *Joseph French* for appellant.

*Joseph Cravens* and *O. L. Cravens* for respondents.

BIGGS, J.—This is an action for damages against the defendants, who are directors of a school district, for refusing to allow the plaintiff to attend a public school in the district. The petition states that school was taught in the district from September, 1892, to February, 1893; that the plaintiff became a resident of the district in October, 1892; that, at that time, the plaintiff was over the age of six years and under twenty-one years, and that the defendants, acting as directors aforesaid, wrongfully, willfully, maliciously and illegally made and enforced an order prohibiting the plaintiff from attending the school.

The court sustained a demurrer to the petition and final judgment was rendered thereon, the plaintiff having refused to amend the pleading.

The action of the court sustaining the demurrer must be affirmed. The school age as fixed by the constitution is between the ages of six and *twenty* years. (Constitution, article 11, section 1.) Section 6, of the same article declares that the public school fund "shall be faithfully appropriated for establishing and maintaining the free public schools * * * in this article provided for, and for no other uses or purposes whatsoever."

To entitle the plaintiff to maintain the action, she must have been - within the school age (as fixed by the constitution) at the time she was prohibited from attending the school. *Roach v. Board of Public Schools*, 77 Mo. 484. This is one of the essential facts of her alleged cause of action. Under the code every constitutive fact must be distinctly set forth in the petition; otherwise it is the subject of demurrer. The averment is that at the time the plaintiff was excluded from the school "she was over six and under *twenty-one* years of age." It is manifest that the petition failed to state a cause of action.

There are other objections urged against the petition, which we need not discuss.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.