[No. 5909.]

### GIBSON v. THE PEOPLE.

1. **Delinquent Children**—A child, who has passed his sixteenth birthday, is not within the act of March 7, 1903 (Laws 1903, 178), concerning delinquent children.—P. 605.

2. **Criminal Law—Contributing to Child's Delinquency**—One who stands in no relation of parent, guardian, or custodian to a child, cannot be prosecuted for contributing to the child's delinquency.—Pp. 605-607.

3. **Statutes Construed**—The act relating to delinquent children (Laws 1903, 178) provides that it shall apply only to children "sixteen years of age or under." A child which has passed its sixteenth anniversary is not within the statute.—P. 605.

The act providing punishment for those contributing to the delinquency of delinquent children (Laws 1903, 198), declares that the "parent, legal guardian or person having custody of the child, or any other person, and who contributes to its delinquency, shall be deemed guilty of a misdemeanor." Held, that the general words "or any other person" are qualified by the preceding words and that one standing in no such relation as parent, guardian, or custodian is not amenable to the enactment.—Pp. 605-607.

4. **Statutes—Construction**—General words are qualified by preceding words of a specific and restricted sense.—P. 606.

*Error to El Paso County Court.*
*Hon. Robert Kerr, Judge.*

Mr. W. D. LOMBARD and Mr. S. H. KENSLEY, for plaintiff in error.

Hon. N. C. MILLER, attorney general, Mr. C. C. HAMLIN, district attorney, Mr. HENRY TROWBRIDGE and Mr. W. R. RAMSEY, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The general assembly at its fourteenth regular session passed two acts, one entitled "An Act Concerning Delinquent Children" (Session Laws 1903,

p. 178); the other "An Act to Provide for the Punishment of Persons Responsible for or Contributing to the Delinquency of Children" (*Ibid.*, p. 198). The purpose of the former act, designated in the record "the delinquent children law," as declared in section 12 thereof, is to furnish, through agencies of the state, for delinquent children, that care, custody and discipline which shall approximate, as nearly as may be, that which should be given by their parents. To carry out such purpose, jurisdiction is conferred upon the county courts and an elaborate procedure is furnished for its exercise. The other act, referred to as "the contributory delinquent law," prescribes a punishment to be visited upon designated persons who are responsible for or contribute to, the delinquency of a delinquent child or a juvenile delinquent person, as defined by "the delinquent children law."

It was under the contributory delinquent law that defendant was informed against, tried, convicted and sentenced by the county court of El Paso county to imprisonment in the county jail; and to review that sentence defendant sued out this writ.

We are advised in the attorney general's brief that this species of legislation originated in Colorado, the act now before us being the first of the kind ever passed by any legislative body. It met at once with the approval of those actively engaged in bettering the condition of children, was cordially welcomed by bench, bar, pulpit and press as a long step in advance in treating the indiscretions of youth, has been literally or substantially adopted by several of the states of the Union, made applicable by congress to the District of Columbia, and has been, and is, receiving favorable consideration by the governments of the leading nations of Europe and Asia whose earnest attention it has attracted. Speaking generally, its avowed purpose is praiseworthy and an

intelligent and wise exercise of the powers it confers is calculated to develop the good qualities of children to the benefit of organized society. . In view of the foregoing, this being the first time the law is before the highest court in the jurisdiction of its origin, we are admonished not to cripple the act or give to its substantive provisions a meaning that will seriously impair its efficiency or unnecessarily embarrass those immediately charged with its enforcement, unless forced to do so by the application of sound rules of legal construction. In the spirit invoked, which always should be, and generally is, observed by the courts, viz.: to ascertain and effectuate the legislative will, we enter upon the discussion of some of the important propositions which the necessities of the pending cause require.

A number of questions are ably discussed by respective counsel in their briefs, and exhaustively by defendant's counsel in oral argument. Some of them grow out of the facts of this case and are not of general importance. Some relate to the scope and meaning of important substantive provisions of the law. As we are compelled to reverse the judgment for two substantial reasons, which will prevent another trial of this action and necessitate a discharge of the defendant, we shall not pass upon the other propositions raised and argued by counsel, whether they are peculiar to the present case or affect the law itself.

The information, omitting formal parts, charges that defendant was responsible for, encouraged, caused and contributed to the delinquency of a boy, who then was a delinquent child and juvenile delinquent person as defined by statute. In connection with other facts not material to this opinion the proofs disclosed that the boy had theretofore been adjudged by the county court a delinquent child as

defined by statute, and whatever, if anything, defendant did towards contributing to his delinquency was after his delinquency was judicially determined under. the delinquent children law. At this time the boy was sixteen years and five months old. Defendant did not then have custody of him and she was not his parent or legal guardian and did not sustain towards him any similar relation. To these facts must the pertinent provisions of our statute be applied. The result of such application gives rise to the two legal propositions upon which our decision is based:

1. What is the limit of the age of children who come within the purview of the "delinquent children law"?

2. What class of persons are subject to the punishment prescribed by the "contributory delinquent law"?

These in their order:

1. As the contributory delinquent law prescribes a punishment for persons who contribute to the delinquency of a delinquent child or a juvenile delinquent person, as defined by the juvenile law, we must look to the last mentioned law to learn who are delinquent children. Section 1 of the delinquent children law says that the act shall apply only to children *"sixteen (16) years of age or under."* * *·* * "The words 'delinquent child' shall include any child sixteen (16) years of age or under such age" who violates any law, etc. Any child "sixteen (16) years of age or under such age" may, therefore, become a delinquent child or a juvenile delinquent person. The attorney general contends that these italicized words include children during their entire sixteenth year and up to the seventeenth anniversary of their birth, while defendant maintains that it excludes children who have passed beyond the first day of their sixteenth year. The con-

troverted point as to whether a person arrives at a
certain age on the last minute of the day next preced-
ing the given anniversary of his birth, or on the first
minute of such anniversary, or at some other given
moment, is not involved here and we are not to be
understood as deciding it. We make this observation,
for defendant's counsel concedes that during the
whole of the sixteenth anniversary day of his birth
defendant would be subject to the law. Counsel
have not found in any other statute or constitution or
in any judicial decision wherein it has been construed
the exact language employed in the statute now
under consideration, and we have not made the dis-
covery. Many quotations from our statutory law
whereby our general assembly has fixed the age limit
are printed in the briefs, but outside of the statute
now before us the exact definitive or restrictive words
are not employed. It is obvious that the general as-
sembly intended to fix some limit to the age of chil-
dren affected by the statute—a point of time beyond
which they no longer are amenable to its provisons.
In one sense a child is sixteen years of age until it is
seventeen; so also it is sixteen when it is eighteen;
but, in the true sense, it is sixteen and over whenever
it has passed beyond the first day of the sixteenth
anniversary of its birth. Had it been the intention
to include children up to the time they reach their
seventeenth birthday, the general assembly would
naturally have said "children under seventeen years
of age." But when only those "sixteen (16) years
of age or under" were mentioned, it obviously meant
what it said, namely, children "sixteen (16) years of
age or under," not "sixteen years of age and over."
If a statute prescribing the age limit read, "over the
age of fourteen years," one fourteen years and six
months old would not come within its provisions if
the attorney general's contention is correct, because

he would be only fourteen years of age, and not over fourteen, until he reached the fifteenth anniversary of his birth. And yet we apprehend no such construction would be put upon a statute so reading. A child is sixteen years of age on the sixteenth anniversary of his birth, and thereafter is over sixteen years of age. The alleged delinquent juvenile being sixteen years and four months old at the time defendant is said to have contributed to his delinquency was "sixteen years and over," not "sixteen years or under," hence was not a juvenile delinquent person within the meaning of the statute.

2. The contributory delinquent law declares that the "parent or parents, legal guardian, or person having the custody of such child, *or any other person*," who contributes to the delinquency of a delinquent juvenile person, "shall be guilty of a misdemeanor." Defendant was not a parent, or guardian, or the custodian of the juvenile delinquent, but the attorney general says she comes within the expression "or any other person." The familiar general rule, which is enforced in this jurisdiction, is that where words of general import follow specific designations the application of the general language is controlled by the specific. This is but a rule of construction, and is not allowed to defeat the plain legislative will; yet where the legislative intent is doubtful, resort to rules of construction is proper. Applying this rule to this statute, and bearing in mind that its prime purpose is to provide for delinquent children, as nearly as may be, the care and training which their parents should give but which they do not afford, and to that end substituting governmental authority for parental control, it would seem entirely clear that by "or any other person" the general assembly meant other like persons; that is, such other persons as occupy towards the delin-

quent a relation similar to that of parent, legal guardian, or custodian, and upon whom rests the obligation of training, either arising from natural ties, or created by law. The persons specified by no means exhaust the whole genus, but it is apparent that there are other persons who may occupy towards the delinquent a relation similar to that sustained by those enumerated. For example: older brothers and sisters, other blood relatives, teachers, nurses and companions, none of whom are enumerated but are of the same genus. A number of cases are collected in 26 Am. & Eng. Enc. of Law (2d ed.), p. 609, *et seq.* A case quite in point is *Morse v. Morrison,* 16 Col. App. 449. See, also, Bouvier's Law Dictionary, title *"Ejusdem Generis."*

The attorney general says that some of the county courts entrusted with the enforcement of this statute have given to "or any other person" a broader meaning as including all other classes and conditions of persons. This court must put its own construction upon these words. In this connection we note that, after this trial below, the sixteenth general assembly (Session Laws 1907, p. 338; Revised Statutes 1908, § 598, p. 309) amended the section of the act of 1903 in which these words occur, and in the amended section the persons enumerated in the original section are omitted and it now reads, "Where any person shall be responsible for," etc. The bill for the amendatory act was introduced in the general assembly by a member of the house of representatives, who was a deputy of the district attorney who filed this information and who was conversant with the point here made, and evidently was proposed by him, and passed by the general assembly, to avoid thereafter the construction to which the courts would be driven so long as the formerly included, now omitted, words remained in the act. To

make entirely clear the legislative intention thereafter to bring within the provision of the act all persons who contribute to the delinquency of the delinquent juvenile, regardless of the natural or legal relation which they sustain towards him, the general assembly used the general language quoted. Due consideration is to be given both to legislative construction and that of inferior courts. Neither is conclusive upon a court of last resort. The legislative construction in this instance harmonizes with our own and is given effect.

We close the discussion with the observation that, as will readily appear from the foregoing, the attorney general is unduly apprehensive of the supposed disastrous effect upon this scheme of legislation as the result of the construction here put upon two of its provisions. In the points decided the constitutionality of the act is not involved, and the integrity of the legislative scheme is not materially affected. The general assembly, foreseeing this construction as to the class of persons liable to the prescribed penalty under the contributory delinquent law, wisely and seasonably, by the amendment referred to, has already made plain and effective its intention concerning them, and at its approaching session may, if it sees fit, likewise make a change as to the age of children to which it wishes the delinquent children law to apply.

The judgment is reversed and cause remanded to the county court, with instructions to discharge the defendant.               *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.