## WILLIE MUNGER v. THE STATE.

### No. 173.    Decided December 8, 1909.

**1.—Rape—Age of State's Witness—Competency to Testify—Bill of Exceptions.**

Upon trial for rape there was no error in permitting a boy seven years of age to testify in behalf of the State, where the record showed that there was no error on the part of the court in admitting such testimony on the ground that the witness was sufficiently intelligent to testify; besides, the bill of exceptions in the record, on appeal, did not show wherein said witness was incompetent to testify by reason of his age.

**2.—Same—Charge of Court—Date of Offense.**

Upon trial for rape, where the indictment charged the date of the offense about the 24th of March, and the court in his charge placed the offense about the 23d day of March, and in the same year alleged in the indictment, and there was no question of limitation in the case, there was no reversible error.

**3.—Same—Charge of Court—Punishment—Death Penalty.**

Where, upon trial for rape, the record showed that the defendant was under 17 years of age, there was no error in the court's charge in not charging the death penalty.

**4.—Same—Charge of Court—Reformatory—Age of Defendant.**

Where, upon trial for rape, it was disclosed that the defendant was more than 16 years of age at the time of the trial, there was no error in the court's failure to submit the issue of the age of the defendant with a view to confinement in the reformatory.

**5.—Same—Age of Prosecutrix—Marriage.**

Where, upon trial for rape, the evidence showed that the prosecutrix was 12 years of age at the time of the commission of the offense, it was circumstantially proved that she was not the wife of the defendant at the time, as she could not be legally married under the age of 14.

**6.—Same—Venue—Bill of Exceptions.**

Where, upon trial for rape, the venue, although not positively proved, was indirectly proved, and there was no contest over this matter in the trial court, and no bill of exceptions preserved, there was no reversible error.

Appeal from the District Court of Austin. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Bell, Johnson, Matthaei & Thompson* and *W. I. Hill,* for appellant.—On question of insufficient intelligence of State's witness on account of his youth: North Texas Construction Co. v. Bostick, 98 Texas, 239, 83 S. W. Rep., 12. On question of variance of date of offense: Henderson v. State, 49 Texas Crim. Rep., 511, 93 S. W. Rep., 550; Batchelor v. State, 41 Texas Crim. Rep., 501, 55 S. W. Rep., 491. On question of insufficiency of the evidence: Kee v. State, 65 S. W. Rep., 517.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for rape upon a girl under fifteen years of age, the punishment being assessed at five years in the penitentiary.

The State's case shows rape upon a little negro girl, Lovie Green, who was about twelve years of age. She swears positively to the rape. Her little brother was in company with her and she and he both testify that appellant jumped out of the bushes on the side of the road and carried the little girl out in the bushes. The girl testified to the rape and they both testified that the boy ran home to tell their father and mother, who lived a few hundred yards away. Her father and mother corroborate her statement to the effect that they met her coming home a few minutes after the outrage and the mother examined her and found evidence of sexual

intercourse. Other witnesses testify to seeing appellant riding in the direction of where the rape is said to have occurred and a very short time before it occurred. These witnesses also testify to seeing the two children not far away from the same place and going in the same direction in which appellant was traveling and just a few moments before the alleged offense occurred. Appellant, testifying in his own behalf, denies the entire transaction, but stated that he saw the two little negro children at or near the place designated and told them to get out of the road, and if they didn't, he threatened to run over them with his horse. It is shown by his own, as well as other, testimony introduced in his behalf that he had been at his father's blacksmith shop in the little village of San Felipe; that he and his father left the blacksmith shop about 6 o'clock to go home; that on reaching home he saddled a horse to hunt for a cow, and while hunting the cow he saw the two little negro children, prosecutrix and her little brother. The age of defendant is put down at sixteen years on the 16th of August, 1908, his father and mother testifying that he would be seventeen on the 16th of August, 1909. When the little seven-year-old witness was tendered, appellant reserved the following bill of exceptions: "Be it remembered that on the trial of this cause Olivet Green, a boy seven years of age was called as a witness for the State, and upon being examined by the court and counsel as to his being competent to testify, defendant, through his counsel, objected to the said witness being permitted to testify because the said witness did not understand the nature of an oath and had not sufficient intelligence to give testimony, which objection thus made by counsel for defendant was overruled by the court and the said witness permitted to testify," etc. None of the proceedings had in regard to testing the competency of this witness is stated in the bill of exceptions. The bill can not be aided by going to the statement of facts or other parts of the record, but if we were authorized to do this, we are of opinion that the evidence bearing on this question, as well as the evidence of the witness himself, shows there was no error on the part of the court in this matter.

In the motion for new trial the charge of the court is criticised because the court in submitting the case used this language: "If you believe . . . that the defendant did, as charged in the indictment, on or about the 23d day of March, 1909, as alleged, in the county of Austin, and State of Texas, have carnal knowledge of said Lovie Green," etc. The criticism being that the offense is not alleged to have been committed on the 23d of March. The indictment alleged it was committed on or about the 24th of March. This is not of sufficient importance to require a reversal of the judgment. There is no question of limitation in the case. Some of the witnesses state that the transaction occurred on the 23d. In any event

it is a matter of no moment and this exception to the charge is without merit.

It is complained that the court's charge in respect to the punishment is incorrect. The court charged the jury that if they should find defendant guilty they should assess his punishment by confinement in the penitentiary for life, or, in the discretion of the jury, at any term of years not less than five. The punishment is correctly given. See article 639, White's Annotated Penal Code. While article 639 provides that the punishment may be by death, life imprisonment, or for any term of years in the penitentiary not less than five years, that portion of the penalty with reference to death was not authorized in this particular case inasmuch as defendant was under seventeen years of age. Our statute prohibits the infliction of the death penalty where the alleged offender is under seventeen years of age. The charge, therefore, as given, correctly states the law of punishment.

It is contended that the court erred in not submitting the issue of the age of appellant to the end that the jury might assess the punishment at confinement in the reformatory or the penitentiary. There is nothing in this contention. Appellant was sixteen years of age in August, 1908, and this offense was committed on the 23d or 24th of March, 1909. He was more than sixteen years of age at the time of the transaction, as well as at time of trial.

A reversal is asked because the evidence fails to show that the alleged injured female was not the wife of the defendant. Singular to say, but the statement of facts does not show positively, or rather by positive statement, that she was not the wife of appellant. However, the circumstances show that she was not his wife. She was a negro girl twelve years of age on the 4th of February before the occurrence in the latter part of March. Appellant, from the testimony, seems to have been a white boy in his seventeenth year. He speaks of the children as two little negroes and threatened to run over them with his horse if they did not give him the road, and, in fact, the testimony shows they were negroes, and that prosecutrix was just over twelve years of age. The testimony shows that appellant lived with his father and mother, who, from the testimony, evidently are white people. The little negro girl, prosecutrix, lived with her father a mile and a half away from appellant's place of residence. This court knows judicially that a girl of that age could not marry under the Texas law, fourteen years being the youngest age at which a marriage could occur. This court would also judicially know that under the laws of Texas a marriage between a white man and a negro woman, or a white boy and negro girl, could not be had. While, as before stated, the evidence is not positive that they were not married, yet the circumstances show beyond any question they were not husband and wife.

There being no error of sufficient importance to require a reversal of the judgment it is affirmed.

*Affirmed.*

ON REHEARING.

December 8, 1909.

DAVIDSON, PRESIDING JUDGE.—The judgment herein was affirmed at the present term of the court. Motion for rehearing is based upon the following grounds: 1st, that the court erred in not holding that Olivet Green was incompetent as a witness by reason of his youthful age. 2d, that the State failed to prove that appellant and prosecutrix were not husband and wife. 3d, that the venue was not shown, and, 4th, that the court should have submitted the issue to the jury that if appellant was not more than 16 years of age at the time of the trial, the jury should have been given the option of sending him to the reformatory or penitentiary.

This is practically a submission on rehearing of the salient features of the case decided in the original opinion. We held, and still adhere, to the statement in the original opinion that the bill of exceptions, which is therein set out, fails to comply with the requirements of the law in that it does not set out the facts and circumstances which show or tend to show that the witness Green was incompetent to testify by reason of his age, but the opinion went further and held that if all the evidence had been incorporated in the bill, still the court did not err in permitting the witness to testify. In regard to this witness, we find in statement of facts practically the following: "My name is Olivet Green. I am seven years old. My papa's name is Ed Green. I do not know the nature of an oath or what it means to swear. I do know that it means that I will be punished. Nobody told me that. I knew it myself. I knew that to hold up my hand and swear meant that I would be punished. I know what will happen to me if I don't tell the truth. If I don't tell the truth I will go to Huntsville. Papa and mama haven't talked to me about this since that time. They didn't tell me anything about going to court. I didn't know anything about where we were going last night when we left home. Nobody told me that, but I knew it. Nobody told me that at all. I knew that we were coming up to Bellville when we started up here last night. I just found it out, nobody told me what we were coming up here for. I knew for a good while if we swore a lie we would go to Huntsville. Nobody told me that. I just knew it myself. I have known that since I was four years old. I don't know what we would go to Huntsville for." This and similar testimony was drawn out from the witness in testing his competency. If we were permitted to go outside the bill of exceptions and look to the record in the statement of facts, we are of opinion that this witness was shown to be suffi-

ciently competent to testify in regard to the facts of the case, and this is strengthened by reference to the witness' testimony delivered before the jury. We therefore are of opinion that on this question the conclusion reached in the original opinion is correct.

Nor is there any merit in the second contention, that is, that the State failed to show that appellant and the little negro girl were married. We are still of opinion that the evidence is sufficient to show that appellant was a white boy 17 years of age, and the 12 year old girl was a negro, but if they were both white or both negroes the status would not be changed, because under the laws of Texas the girl could not be a married woman at that age. She could not, under any circumstances, be married under 14 years of age, and this question has been expressly decided by this court in Hardy v. State, 37 Texas Crim. Rep., 55. Intercourse or attempted intercourse with a girl of that age would constitute rape or attempt to rape, as the facts might show the offense to be. Therefore, she could not be the wife of appellant.

The venue, we think, was sufficiently proved, but if it was not directly and positively proved, our statute provides in order to take advantage of this question, there must be a contest over it in the trial court and the matter preserved by bill of exceptions in order to take advantage of it on appeal. This question has been frequently so decided under the terms of that statute. Therefore, there could be no error in regard to that matter. However, there is one exception to the above statement, and that is where the issue was fought out upon the trial as to whether the offense was in the county where the venue was laid or not, we would notice it without requiring a bill of exceptions.

The remaining contention of appellant is that the jury should have been instructed that they could exercise the discretion of sending him to the penitentiary or to the reformatory. This question was fully decided in the original opinion. Appellant was over 16 years of age at the time of the alleged offense and was, of course, over that at the time of the trial.

There being no sufficient merit in the grounds of the motion for rehearing, it is ordered that it be overruled.

*Overruled.*