[No. 6256.]

## SASS v. THE PEOPLE.

**Criminal Law—Child—Contributing to Delinquency Of—**To a conviction of the offense of contributing to a child's delinquency, under the statute (Laws 1903, c. XCIV, Rev. Stats., § 598), it must appear that the accused stood to the child in the relation of parent, guardian, or legal custodian.—(126)

*Error to Denver County Court*—Hon. W. G. ALEXANDER, Judge.

Mr. BERNARD J. FORD, and Mr. S. D. LIEURANCE, for plaintiff in error.

No appearance for the people.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendant was convicted and sentenced for unlawfully contributing to the delinquency of a

juvenile delinquent child. In overruling her motion for a new trial the court expressed doubt as to the sufficiency of the evidence to prove the charge, as well as to the correctness of some of its instructions. In his argument here defendant's counsel attacks the rulings of the trial court on this, and other, matters, and, if it were necessary to pass upon them, they might not be approved. But, as for another and substantial reason the judgment must be reversed, we limit our decision to this one controlling ground.

The information was drawn under the so-called contributory delinquent act of March 7, 1903, Session Laws 1903, page 198. The defendant was not the parent, legal guardian or custodian of the child, and did not sustain toward her a similar relation. In the case of *Gibson v. People,* 44 Colo. 600, decided after the trial in the pending action, the relation of the defendant therein being the same as that of defendant here, it was decided that one sustaining such relation was not within the purview of the statute. It is doubtless because of this decision, which makes the information invalid, that the attorney general has not tried to sustain the judgment by filing an answering brief. Though this statute has been amended by our general assembly, ostensibly to avoid the objection which is fatal to the judgment here (Session Laws 1907, p. 338), yet, as the information was drawn under the original, and not the amendatory, act, defendant was not, as we have seen, amenable to the penalty of the former. The judgment, therefore, must be reversed and the cause remanded, with instructions to the county court to set aside its judgment, discharge defendant, and dismiss the information.          *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.