### J. F. BUTLER V. THE STATE.

#### No. 4422.　Decided April 4, 1917.

**School Law—Compulsory Attendance—Age of Delinquent—Constitutional Law.**

Where appellant's criticisms of the constitutionality of the law, Act Thirty-fourth Legislature, chapter 49, as to compulsory school law, do not involve matters which would affect the result of this appeal they need not be reviewed, although laws having the general scope of this one have been held valid; however, as defendant's son had attained the age of fourteen years before the compulsory term began, the law compelling the attendance of children under four-

teen years of age, was not applicable to him, and consequently, the appellant committed no offense in consenting that his son should absent himself from school at the time that the evidence showed he did so.

Appeal from the County Court of Palo Pinto. Tried below before the Hon. J. T. Ranspot.

Appeal from a conviction of a violation of the compulsory school Act of the Thirty-fourth Legislature, Chapter 49; penalty, a fine of five dollars.

The opinion states the case.

*T. P. Perkins,* for appellant.—Cited Jannin v. State, 42 Texas Crim. Rep., 631; Ex parte Mitchell, 177 S. W. Rep., 953.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a prosecution by information for a violation of the provisions of the Act of the Thirty-fourth Legislature, chapter 49.

Appellant's son, Alvin Butler, was fourteen years old on the 12th day of October, 1916. The public school in the district in which he resided began on the 30th day of October, 1916. The boy was absent from school on the 13th, 15th and 22d days of November, 1916, without any of the excuses named in the statute. His absence was with the consent of his father, the appellant, and the conviction was by reason of this absence with his consent.

The Act of the Legislature says: "Every child in this State who is eight years and not more than fourteen years old shall be required to attend the public schools in the district of its residence for a period of not less than sixty days for the scholastic year beginning September 1, 1916." It also contains the following: "The period of compulsory school attendance at each school shall begin at the opening of the school term unless otherwise authorized by the district school trustees." The caption of the Act begins as follows: "An Act to compel attendance upon public schools of Texas by children between the ages of eight and fourteen years."

The construction placed upon the statute by the trial court was such as to make the absence of appellant's boy an offense, although at the time of his absence and at the time of the beginning of the compulsory period for the term of school he was more than fourteen years of age. The appellant insists that this construction was erroneous.

We have examined such decisions as suggest a precedent for the construction of the statute. The one found by us nearest in point is Gibson v. People, 44 Colo., 600. The Act there reviewed was one relating to delinquent children. We take from the opinion in that case the following quotation:

"Section 1 of the delinquent children law says that the Act shall apply only to children '*sixteen (16) years of age or under.* . . .

the words "delinquent child" shall include any child sixteen (16) years of age or under such age,' who violates any law, etc.   Any child 'sixteen (16) years of age or under such age' may, therefore, become a delinquent child or a juvenile delinquent person.   The Attorney General contends that these italicized words include children during their entire sixteenth year and up to the seventeenth anniversary of their birth, while defendant maintains that it excludes children who have passed beyond the first day of their sixteenth year. . . .   Counsel have not found any other statute or Constitution or in any judicial decision wherein it has been construed the exact language employed in the statute now under consideration, and we have not made the discovery. . . .   It is obivous that the General Assembly intended to fix some limit to the age of children affected by the statute—a point of time beyond which they no longer are amenable to its provisions.   In one sense a child is sixteen years of age until it is seventeen; so also it is sixteen when it is eighteen; but, in the true sense, it is sixteen and over whenever it has passed beyond the first day of the sixteenth anniversary of its birth.   Had it been the intention to include children up to the time they reach their seventeenth birthday, the General Assembly would naturally have said 'children under seventeen years of age.'   But when only those 'sixteen (16) years of age or under' were mentioned, it obviously meant what it said, namely, children 'sixteen (16) years of age or under,' not 'sixteen years of age and over.'   If a statute prescribing the age limit read, 'over the age of fourteen years,' one fourteen years and six months old would not come within its provisions if the Attorney General's contention is correct, because he would be only fourteen years of age, and not over fourteen, until he reached the fifteenth anniversary of his birth.   And yet we apprehend no such construction would be put upon a statute so reading.   A child is sixteen years of age on the sixteenth anniversary of his birth, and thereafter is over sixteen years of age.   The alleged delinquent juvenile being sixteen years and four months old at the time defendant is said to have contributed to his delinquency was 'sixteen years and over,' not 'sixteen years or under,' hence was not a juvenile delinquent person within the meaning of the statute."

Another case more or less in point is Rogers v. McCraw, 61 Mo. App., 407, construing a statute giving the privilege of attendance to children between six and twenty years and holding that one over twenty years of age and under twenty-one was excluded.

The Supreme Court of Louisiana, in State v. Lanassa, 51 So. Rep., 688, in construing a statute in which children are defined as persons "seventeen years of age and under," held a conviction erroneous where the person involved had passed the seventeenth birthday, using the following languoge:   "This rule is clearly erroneous as it is based on the predicate that a minor having attained the age of seventeen years grows no older until he reaches the age of eighteen years."   "It is ob-

vious that a day's difference in age may remove an infant from one class into another."

This court in the case of Arrendell v. State, 60 Texas Crim. Rep., 350, reviewing the juvenile statute, which provided exemptions from certain kinds of punishment to a person less than sixteen years of age, held that one who at the time of the trial had passed the sixteenth birthday was not entitled to the benefit of the statute, although at the time the offense was committed he was less than sixteen years of age, and in the case of Munger v. State, 57 Texas Crim. Rep., 386, 122 S. W. Rep., 874, in construing the same statute, held that one who had passed his sixteenth birthday at the time the offense was committed did not come within the terms of the statute.

The appellant attacks the constitutionality of some of the provisions of the Act. The criticisms he makes do not involve matters which would affect the result of this appeal, and we have not thought proper to review them in detail. We will say, however, that the Act contains a statement to the effect that if any of its terms are found unenforceable, the remainder shall be given effect. Laws having the general scope of this one have been held valid in a number of instances. State v. Bailey, 157 Ind., 324; State v. Jackson, 71 N. H., 552; Com. v. Roberts, 159 Mass., 372.

In our opinion, under the facts of this case, appellant's son having attained the age of fourteen years before the compulsory term began, the law compelling the attendance of children under fourteen years of age was not applicable to him, and that consequently the appellant committed no offense in consenting that his son should absent himself from school at the times that the evidence shows he did so.

The judgment of the lower court is consequently reversed and the cause remanded.

*Reversed and remanded.*