## Thompson v. Commonwealth.

(Decided November 16, 1923.)

## Appeal from Pike Circuit Court.

1. Criminal Law—Refusal of Continuance for Unpreparedness Held Not Prejudical, in View of Lack of Diligence.—Where indictment charged wife desertion, but the offense as described on the back of the indictment, and as appearing on criminal docket and in warrant, was for "child desertion," defendant was not prejudiced by refusal to grant a continuance because of attorney's belief that the prosecution was for child desertion, and his consequent failure to prepare for defense to the charge of wife desertion, or to confer with defendant and his father on the charge in the indictment, in view of the fact that defendant and his father were each present and testified at the trial, and that the attorney totally failed to exercise diligence.

2. Infants—Infant, Who has Passed his Seventeenth Birthday May be Prosecuted Without Recommendation.—One who has passed his seventeenth birthday may be prosecuted for crime without recommendation of the county court, as required in Ky. Stats., section 331e-1, providing for the protection of dependent, neglected, and delinquent children 17 years of age or under, and a contention that

he is to be treated as only 17 years of age until he arrives at his eighteenth birthday cannot be sustained.

PICKLESIMER & STEELE for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted, charged with the desertion of his wife while pregnant, and leaving her in destitute or indigent circumstances without making proper provision for her board, clothing and care in a manner suitable to her condition and station in life, under the provisions of section 331i-1, supplement to Carroll's 1922 Statutes.

On his trial he was found guilty and sentenced to confinement in the penitentiary for one year.

Two reasons for reversal are urged, (1) that the court erred in refusing to grant appellant a continuance, and (2) because of the refusal of the trial court to direct the jury to find defendant not guilty, because he was only 17 years of age at the time of the commission of the alleged crime, and his prosecution had not been recommended by the county court as required in the act providing for the protection of dependent, neglected or delinquent children.

The defendant was indicted in February, 1923, but the bench warrant against him appears not to have been issued until the 8th day of June, 1923, and the bail bond which he executed is dated the 21st day of June, 1923. It appears that, although in the face of the indictment he was properly charged with the offense of wife desertion under the statute, on the back of the indictment the offense was described as "child desertion," and the case appeared on the criminal docket as a prosecution for "child desertion," and the bench warrant issued on the indictment was for "child desertion." The case appears to have been called for trial in September, 1923, and appellant's counsel at that time entered a motion for a continuance and filed his affidavit in support thereof, wherein he states that about a month before he was employed for defendant and was advised at the time he was charged with child desertion; that the back of the indictment showed the charge of child desertion, and that affiant had

no knowledge or information that defendant was charged with wife desertion until after the case was called for trial and the Commonwealth answered ready. That he had made no preparation to try defendant on the charge of wife desertion, but had conferred before the term began with the father of defendant as to a defense on the charge of child desertion, and had advised the father to summon certain witnesses for defendant on that charge. That he was taken by surprise on learning that the charge was wife desertion, and had had no opportunity to discuss this charge with defendant and the father, and had no notice that the charge was wife desertion and was not prepared for trial on that charge.

The defendant himself filed no affidavit, and the affidavit of counsel fails utterly to show either that defendant was not guilty of the charge in the indictment, or that if given time he could make a successful defense; he does not give the name of a single witness by whom he could prove any single fact showing defendant's innocence or anything in mitigation of the offense. Although it is admitted he had been employed for a month or longer, it is not disclosed that he had read the indictment against his client.

There appears to have been a total failure of diligence, and when this is taken in connection with the fact that defendant and his father were each present at and testified on the trial, the action of the court in overruling his motion was not prejudicial.

The defendant testified he was 17 years of age when he married in June, 1922, and the evidence shows the desertion charged occurred some three or four months thereafter.

The very first section of the act relating to dependent, neglected or delinquent children (section 331e-1) provides:

"This act shall apply only to male children 17 years of age or under."

If defendant was 17 years of age on the very day he married in June, 1922, manifestly he was not 17 years of age or under, three or four months thereafter. The language of the statute is susceptible of no interpretation except that it shall apply to male children who are only 17 years of age, or under 17 years of age, and the language employed is wholly inconsistent with the view that

a male child is to be considered 17 years of age until he is 18 years of age.

Appellant's trial did not take place until September, 1923, at which time, according to his statement, he must have been more than 18 years of age; but it is unnecessary to determine for the purpose of this case whether the age is to be determined as of the time of the commission of the crime, or at the time of the trial. In either event the statute in question has no application.

Judgment affirmed.