## Cloyd v. Commonwealth.

(Decided December 18, 1925.)

### Appeal from Laurel Circuit Court.

1. Criminal Law—Grounds of Motion for New Trial, Not Mentioned in Brief, will be Regarded as Waived on Appeal.—Grounds of motion for new trial, not mentioned in brief, will be regarded as waived on appeal.

2. Infants—Circuit Court has Jurisdiction if Accused has Passed Seventeenth Birthday when Crime is Committed.—Under Kentucky Statutes, section 331e, et seq., circuit court has no jurisdiction of accused who is less than 17 years old when crime is committed, but statutes do not apply to boy who has passed seventeenth birthday when crime is committed.

3. Criminal Law—To Warrant Reversal, Error Must Affirmatively Appear from Record.—Every presumption favors correctness of trial court's decision, and, in order to warrant reversal, error must affirmatively appear from record, and mere suspicion is insufficient.

4. Infants—That Circuit Court Took Jurisdiction Held Equivalent to Finding that Accused was Over 17 when Crime was Committed. —That circuit court took jurisdiction held equivalent to finding that accused was over 17 years of age when crime was committed, as required under Kentucky Statutes, section 331e, et seq.

5. Criminal Law—Judgment of Circuit Court Held Not Affirmatively to Show that Accused was Under 17 and Therefore Not Within its Jurisdiction—"Juvenile."—Judgment of circuit court, reciting that accused was a juvenile "now only 17," did not affirmatively show that court did not have jurisdiction under Kentucky Statutes, section 331e et seq., since it might mean that he had passed seventeenth birthday; "juvenile" meaning that he was under 18, after which age he would have to be sentenced to penitentiary under house of reform act, section 2095b-13.

6. Criminal Law—Until it is Affirmatively Shown that Accused was Less than 17 when Crime was Committed, Presumption in Favor of Circuit Court's Jurisdiction Prevails.—When it affirmatively appears that accused was exactly 17 or under when he committed crime, every step necessary to give circuit court jurisdiction must affirmatively appear, but, until it is affirmatively shown that accused was then exactly 17 or less, presumption in favor of circuit court's jurisdiction will prevail.

LEWIS, BEGLEY & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The defendant, charged by indictment with maliciously striking and wounding John Tackett with a deadly

weapon, was by the jury found guilty, and his punishment fixed at confinement in the penitentiary for one year. He filed his motion and grounds for a new trial, relying upon these alleged errors:

One.   The excessiveness of the verdict.

Two.   Surprise in the evidence.

Three.   Because the defendant was a boy of tender age and had had no experience in court and had been recently shot and dangerously wounded, of which he had not fully recovered and had been unable to properly prepare his defense, in this case. The court refused him a new trial and entered judgment, concluding thus:

> "It appearing from an investigation in open court, that the defendant is a juvenile, and that he now is only 17 years of age, it is ordered by the court that the defendant be taken by the sheriff to the house of reform at Greendale, Kentucky, and there confined for the period of one year."

In addition to the alleged errors set out in his motion for a new trial, he now insists that by this part of the judgment it is conclusively established that the court had no jurisdiction.

Several young men, including John Tackett, and the defendant, had gone to Pittsburg to church one night about the first of August, 1923. Tackett and several others were riding in a one-horse wagon; the defendant and Leander Evans were afoot. When they started home, Tackett claims to have asked defendant to ride, but he refused. Later, the wagon and party came upon defendant and Evans. The wagon stopped and some of the party asked them to ride. Evans came over to the wagon and got in. Defendant had started on, but presently came back and said, "You fellows said you were loaded." John Tackett replied, "We told you we were not loaded." Defendant said to Tackett, "You are a liar, and don't you get out of the wagon. I'll shoot you in two." He drew his pistol, a .45 calibre revolver.

Tackett got out, and the two cursed and quarreled for a while. Evans turned a flashlight upon them, and defendant directed him to put it out. Tackett turned to look at Evans, whereupon defendant struck Tackett with his pistol, over and on the left eye, then ran away. The blow rendered Tackett unconscious and he had to be carried to his home. The ball of his left eye was so seri-

ously injured thereby that at the time of the trial, about nine months thereafter, it was still affected. Defendant made a feeble effort to show that he struck this blow in self-defense, but failed to impress the jury, and that feature of the case is hardly discussed in his brief. His brief does not mention the second or third ground set out in his motion for a new trial. We will treat these as waived. See McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682.

His brief thoroughly discusses the question of the court's jurisdiction, which is really the only point in the case worth discussing, and one that has given us considerable trouble. If defendant was less than seventeen years of age when this crime was committed, then the circuit court had no jurisdiction of him. Mattingly v. Com., 171 Ky. 222, 188 S. W. 370. We held in the case of Oaks v. Oaks, 204 Ky. 298, 264 S. W. 752, and we have held in numerous other cases, that every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant reversal, error must affirmatively appear from the record. Applying that rule to this case, we must conclude that the court had jurisdiction of the defendant, and that he was past seventeen when this crime was committed, otherwise the court would not have taken jurisdiction, but the defendant says that the judgment entered by the court shows lack of jurisdiction. First, because the court says in the judgment that the defendant is a juvenile, and second, because the court says in the judgment that the defendant is now only seventeen years of age.

In colloquial parlance, people are spoken of as being seventeen years of age until they become eighteen, and it is nothing unusual for one to say of a person, "He is seventeen years of age," when as a matter of fact, he is seventeen years and ten months over; but section 331e, et seq., of the statutes only apply to boys seventeen and under. They do not apply to boys who are one day past seventeen. See Wilson v. Commonwealth, 208 Ky. 707, 271 S. W. 1055; Thompson v. Commonwealth, 201 Ky. 19, 255 S. W. 852.

Doubtlessly, in the investigation that was had, the court learned the very day upon which defendant became seventeen years of age, and if he became seventeen years of age after the date of the commission of the crime, it was the duty of the court under section 331e-5 to dismiss the indictment. However, the circuit court did take

jurisdiction, and that act is equivalent to a finding by the court that the defendant became seventeen years of age before he committted this crime. By what is commonly known as the House of Reform Act, and particularly by section 2095b-13, it was within the discretion of the circuit court, if the defendant was under eighteen years of age, to send the defendant to the house of reform, instead of sending him to the penitentiary. This the court did. That is equivalent to a finding that he was less than eighteen, and the word "juvenile" as used by the court, merely means, in this case, that defendant has not attained the age of eighteen, after which he must be sent to the penitentiary. For some strange reason the exact date whereon defendant became seventeen years of age, appears nowhere in this record. He could have stated that in his testimony, in his motion and grounds for a new trial, in his bill of exceptions, or it could have been set out by affidavit in this court, but instead of doing so, he relies entirely on the cryptic language of this judgment.

When it affirmatively appears, a defendant was aged exactly seventeen or less, when he committed the crime, then every step necessary to give the circuit court jurisdiction must affirmatively appear, but until it is affirmatively shown the defendant was then exactly seventeen or less, the presumption in favor of the jurisdiction of the circuit court will prevail.

One may read this judgment, and have a suspicion that the defendant was less than seventeen when the crime was committed, but a judgment can not be reversed upon suspicion. There must, to warrant a reversal, be in the record some manifest, prejudicial error which persistently remains after there is applied to the judgment every presumption and construction favoring its correctness.

The judgment is affirmed.