PIERCE D. KNOTT, petitioner, v. HONORABLE MAURICE E. RAWLINGS, Judge, respondent.

No. 49711.

(Reported in 96 N.W.2d 900)

JUNE 9, 1959.

McQueen & Forker, of Sioux City, for petitioner.

James R. Brodie, of Sioux City, for respondent.

GARRETT, J.—The petitioner was charged by indictment with having committed lascivious acts with one "who was 16 years of age, in violation of section 725.2 of the 1958 Code of Iowa." The material part of said section is as follows: "725.2 Lascivious acts with children. Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, *of a child of the age of sixteen years, or under,* with the intent of arousing, appealing to, or gratifying the lusts or passions or sexual desires of such person, or of such child, * * * shall be punished * * *."

It was alleged the crime was committed on or about August 12, 1958, and by bill of particulars it was shown the child involved was born February 9, 1942, so that he was sixteen years, six months and three days old at the time in question. The indictment was attacked by demurrer, which was overruled. The defendant then filed in two counts his plea to the jurisdiction and motion to dismiss, which likewise were overruled. Upon proper

894

application a writ of certiorari issued from this court on January 13, 1959, and return thereto was filed.

I. The respondent's brief and argument states, "As set out by the petitioner, the sole question before the court is the interpretation of the phrase, 'of a child of the age of sixteen years or under.' " This calls for an answer to the following question: Is one who is sixteen years, six months and three days old "a child of the age of sixteen years, or under," within the contemplation of section 725.2 of the 1958 Code? We have no hesitancy in answering this question in the negative. The learned trial court, in his well-considered opinion, set out what he believed to be sound reasons sustaining his contrary view, and cited supporting authorities. We prefer, however, to follow the majority rule which seems to us to be supported not only by the better authority but also by the better reasoning.

A child is one year old on the first anniversary of his birth and is sixteen years old on the sixteenth anniversary. Before the sixteenth anniversary he is under the age of sixteen years and after that anniversary he is over the age of sixteen. Sixteen years is an exact and definite period of time. It does not mean or include sixteen years and six months. We should be realistic and not read something into the statute which is not there and which clearly was not intended to be there. This is a criminal statute and cannot be added to by strained construction.

"Of the age of sixteen years" must be construed to mean just what it says, i.e., sixteen years and not sixteen years, six months and three days. If, speaking in terms of money, one were to say "The fee or charge will be fifteen dollars or under" there would be no possibility of misunderstanding. To say that sixteen years and six months means the same as sixteen years is to play loosely with words which have a definite meaning. It has been suggested that when one is asked to state his age he gives only the age at the latest anniversary of his birth and does not add the additional months and days which a completely correct statement would require, and this is cited as indicating it is commonly accepted that one is sixteen until his seventeenth birthday anniversary. All such arguments are unsound. When the legislature wrote "sixteen years" into the statute it intended

the words to be construed according to their ordinary meaning. It is contended that when the legislature used the words "a child of the age of sixteen years, or under" it intended such words to mean "a child under seventeen years of age." That contention is answered by the fact that it chose the words "sixteen years, or under" in preference to the words "under seventeen years" which it would have used had it intended what the State maintains it intended.

Section 698.1, Code of 1958, provides "* * * if any person carnally know and abuse any female child under the age of sixteen years, or if any person over the age of twenty-five years carnally know and abuse any female under the age of seventeen years, he shall be imprisoned * * *." Suppose a man twenty-five years and six months of age were charged under this statute with an attack upon a female under the age of seventeen, would the state excuse him on the ground that he is only twenty-five years of age until the day he becomes twenty-six?

■ ■ II. "Words and phrases shall be construed according to the context and the approved usage of the language;* * *." Section 4.1.(2), 1958 Code. It is the settled rule in this state that criminal statutes are to be strictly construed, and doubts, if any, are to be resolved in favor of the accused. Such statutes may not be extended by implication to include an offense not clearly within the fair scope of the language used. State v. Brighi, 232 Iowa 1087, 7 N.W.2d 9; State v. Campbell, 217 Iowa 848, 251 N.W. 717, 92 A. L. R. 1176; State v. Bunn, 195 Iowa 9, 190 N.W. 155; State v. Niehaus, 209 Iowa 533, 228 N.W. 308; State v. Garland, 250 Iowa 428, 94 N.W.2d 122; State v. Di Paglia, 247 Iowa 79, 90, 71 N.W.2d 601, 49 A. L. R.2d 1223, and citations. In Lever Brothers Co. v. Erbe, 249 Iowa 454, 468, 87 N.W.2d 469, 478, we said: " 'It is the fundamental rule * * * that no one may be required * * * to speculate as to the meaning of penal statutes.' "

■ The legislative intent is the all important and controlling factor in the interpretation of statutes. "Since the intention of the legislature, embodied in a statute, is the law, the fundamental rule of construction, to which all other rules are subordinate, is that the court shall, by all aids available, ascertain and give effect, unless it is in conflict with constitutional pro-

visions, or is inconsistent with the organic law of the state, to the intention or purpose of the legislature as expressed in the statute." 82 C. J. S., Statutes, section 321. See also 50 Am. Jur., Statutes, section 223. City of Emmetsburg v. Gunn, 249 Iowa 297, 86 N.W.2d 829, and cases cited. We cannot bring ourselves to believe that when the legislature said "of the age of sixteen years, or under" it meant and intended to say "of the age of sixteen years, or under, or over up to one additional year."

III. The courts of other states have had occasion to decide the question here involved. We would not be justified in taking the time or space to quote extensively from them. To show the trend of opinion a few quotations will suffice. A case in point and often cited is Gibson v. The People, 44 Colo. 600, 603–605, 99 P. 333, 334, 335. The act there reviewed was one relating to delinquent children in which it was said:

"Section 1 of the delinquent children law says that the act shall apply only to children *sixteen (16) years of age or under.* * * * 'The words "delinquent child" shall include any child sixteen (16) years of age or under such age' who violates any law, etc. Any child 'sixteen (16) years of age or under such age' may, therefore, become a delinquent child or a juvenile delinquent person. The attorney general contends that these italicized words include children during their entire sixteenth year and up to the seventeenth anniversary of their birth, while defendant maintains that it excludes children who have passed beyond the first day of their sixteenth year. * * * It is obvious that the general assembly intended to fix some limit to the age of children affected by the statute—a point of time beyond which they no longer are amenable to its provisions. In one sense a child is sixteen years of age until it is seventeen; so also it is sixteen when it is eighteen; but, in the true sense, it is sixteen and over whenever it has passed beyond the first day of the sixteenth anniversary of its birth. Had it been the intention to include children up to the time they reach their seventeenth birthday, the general assembly would naturally have said 'children under seventeen years of age.' But when only those 'sixteen (16) years of age or under' were mentioned, it obviously meant what it said, namely, children 'sixteen (16) years of age or

under,' not 'sixteen years of age and over.' If a statute prescribing the age limit read, 'over the age of fourteen years,' one fourteen years and six months old would not come within its provisions if the attorney general's contention is correct, because he would be only fourteen years of age, and not over fourteen, until he reached the fifteenth anniversary of his birth. And yet we apprehend no such construction would be put upon a statute so reading. A child is sixteen years of age on the sixteenth anniversary of his birth, and thereafter is over sixteen years of age. The alleged delinquent juvenile being sixteen years and four months old at the time defendant is said to have contributed to his delinquency was 'sixteen years and over,' not 'sixteen years or under,' hence was not a juvenile delinquent person within the meaning of the statute."

The Supreme Court of Louisiana, in State v. Lanassa, 125 La. 687, 51 So. 688, in construing a statute in which children are defined as persons "17 years of age and under," held a conviction erroneous where the person involved had passed the seventeenth birthday, using the following language:

"This ruling is clearly erroneous, as it is based on the predicate that a minor, having attained the age of seventeen years, grows no older until he reaches the age of eighteen years.* * * It is obvious that a day's difference in age may remove an infant from one class into another."

A Texas statute, which provided "Every child in this State who is eight years and not more than fourteen years old shall be required to attend the public schools * * *", was construed as not applicable to a child fourteen years and two months of age, using this language: "In our opinion, under the facts of this case, appellant's son having attained the age of fourteen years before the compulsory term began, the law compelling the attendance of children under fourteen years of age was not applicable to him, * * *." Butler v. State, 81 Tex. Cr. Rep. 167, 170, 194 S.W. 166, 167, citing Munger v. State, 57 Tex. Cr. Rep. 384, 122 S.W. 874; State v. Bailey, 157 Ind. 324, 61 N.E. 730, 59 L. R. A. 435; State v. Jackson, 71 N.H. 552, 53 A. 1021, 60 L. R. A. 739; Commonwealth v. Roberts, 159 Mass. 372, 34 N.E. 402. See also People v. O'Neill, 53 N. Y. S.2d 945; Gingerich

v. State, 228 Ind. 440, 93 N.E.2d 180; Rogers v. McCraw, 61 Mo. App. 407; Thompson v. Commonwealth, 201 Ky. 19, 255 S.W. 852; Cloyd v. Commonwealth, 212 Ky. 178, 278 S.W. 595.

The Supreme Court of Indiana was called upon to construe a statute which provided that every child "between the ages of seven and fifteen years inclusive", with certain exceptions, should attend the public schools. It was admitted the child involved was over fifteen years of age but was not sixteen. The only question in the case was whether the statute applied to children above the age of fifteen years. It was urged that to give any force to the word *including,* the section must be construed to include children during the entire fifteenth year and until they become sixteen years old. The court said:

"The word 'including' has no force to extend that limit beyond the time specifically designated. A child over 15 years of age is not between 7 and 15 years, and therefore not within the provisions of the act. * * * The word 'inclusive' can only mean the years between the seventh and fifteenth years, and would include the seventh anniversary of a child's birth and the fifteenth anniversary of his birth, and would not include the period between his fifteenth and sixteenth year." Gingerich v. State, supra, at pages 446, 449 of 228 Ind., pages 182, 183 of 93 N.E.2d, and cases cited. Cited as supporting the contrary and minority view is Covell v. State (1921), 143 Tenn. 571, 572, 573, 227 S.W. 41.

The respondent cites Watson v. Loyal Union Life Association, 143 Okla. 4, 286 P. 888, and Wilson v. Mid-Continent Life Ins. Co., 159 Okla. 191, 14 P.2d 945, 84 A. L. R. 386, as bearing directly on the interpretation of the phrase, "of a child of the age of sixteen years or under." These cases involve insurance contracts and are subject to somewhat different rules of construction. The insurer having written the contract it must be given a construction most favorable to the insured. We do not consider these cases as being in point since private contracts and criminal statutes are subject to different rules of construction.

[5] If we are correct in our interpretation of the statute, and of this we have no doubt, then certiorari is a proper remedy and the writ should be and it is sustained.—Writ sustained.

899

THOMPSON, C. J., and BLISS, GARFIELD, HAYS, LARSON, PETERSON, and THORNTON, JJ., concur.