Argued and submitted September 11, affirmed December 31, 1986, reconsideration denied January 30, petition for review denied March 3, 1987 (302 Or 658)

In the Matter of
Rodney Allen White, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF COLUMBIA COUNTY,
*Respondent,*

*v.*

WHITE,
*Appellant.*

(4316; CA A38728)

730 P2d 1279

Robert P. VanNatta, St. Helens, argued the cause for

appellant. With him on the brief was VanNatta & Peterson, St. Helens.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Nancy Diamond, Certified Law Clerk, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., dissenting.

## ROSSMAN, J.

The sole issue in this case is whether a juvenile who has passed his 17th birthday but has not yet attained his 18th is "17 years of age or younger."

Defendant was convicted for being a minor in possession[1] on January 21, 1986. At that time, he was 17 years, seven months and eight days old. Pursuant to ORS 809.260 (*former* 482.593),[2] the juvenile court ordered the suspension of his driving privileges.

ORS 809.260 provides, in part:

"(1) Whenever a person *who is 17 years of age or younger,* but not younger than 13 years of age, is convicted of any offense described in this subsection or determined by a juvenile court to have committed one of the described offenses, the court in which the person is convicted shall prepare and send to the Motor Vehicles Division, within 24 hours of the conviction or determination, an order of denial of driving privileges for the person so convicted. This section applies to any crime, violation, infraction or other offense involving the possession, use or abuse of alcohol or controlled substances." (Emphasis supplied.)

Defendant contends that "17 years of age or younger" does not apply to him, because he had passed his 17th birthday and was living in his 18th year of life when he was convicted. We disagree.

We apply clear, unambiguous statutes according to their plain meaning, unless a literal application would produce an unintended or absurd result. *Satterfield v. Satterfield,* 292 Or 780, 643 P2d 336 (1982). In common parlance, a juvenile becomes 17 years of age upon reaching his 17th birthday, and remains 17 years of age until he reaches his 18th birthday. Although defendant cites case law from other jurisdictions in

---

[1] ORS 471.430 provides, in part:

"(1) No person under the age of 21 years shall attempt to purchase, purchase or acquire alcoholic liquor. Except when such minor is in a private residence accompanied by the parent or guardian of the minor and with such parent's or guardian's consent, no person under the age of 21 years shall have personal possession of alcoholic liquor."

[2] *Former* ORS 482.593 was repealed by Or Laws 1985, ch 16, § 475 and replaced by ORS 809.260, Or Laws 1985, ch 16, § 206 (which became effective January 1, 1986), Or Laws 1985, ch 16, § 476.

support of his view that "17 years of age or younger" does not include persons who have passed their 17th birthdays, we do not find it convincing and refuse to apply such a strained construction to provide an absurd, unintended meaning for an unambiguous statute.[3] Although we do not quarrel with defendant's argument that this is the 20th century—yet the current year is only *1986*—we do not see how that helps his case.

Affirmed.

**WARREN, J.,** dissenting.

I disagree with the majority and, therefore, dissent.

Numerous state courts have been confronted with the task of interpreting statutes which apply to individuals of a designated age "or younger." In *Knott v. Rawlings,* 250 Iowa 892, 96 NW2d 900 (1959), the defendant was charged with committing lascivious acts with a child who was sixteen years, six months and three days old. The relevant statute prohibited such acts in the presence or with the body "of a child of the age of sixteen years, or under." *Knott v. Rawlings, supra,* 96 NW2d at 900. In response to the argument that a child who is sixteen years and six months old is "sixteen years of age or under," the court stated:

> " 'Of the age of sixteen years' must be construed to mean just what it says, i.e., sixteen years and not sixteen years, six months and three days. If, speaking in terms of money, one were to say 'The fee or charge will be fifteen dollars or under' there would be no possibility of misunderstanding. To say that sixteen years and six months means the same as sixteen years is to play loosely with words which have a definite meaning. * * *" *Knott v. Rawlings, supra,* 96 NW2d at 901.

*See State v. McGaha,* 306 NC 699, 295 SE2d 449, 450 (1982); *Cloyd v. Commonwealth,* 212 Ky 178, 278 SW 595, 597 (1925); *State v. Lanassa,* 125 La 687, 51 So 688 (1910); *Gibson v.*

---

[3] Even if the term "17 years of age or younger" is ambiguous, which we do not think it is, the legislative history clearly indicates that ORS 809.260 was intended to apply to juveniles throughout the year preceding their 18th birthdays. House Committee on Judiciary, May 27, 1983, Tape 379, Side A at 79-301; Senate Committee on Transportation and Tourism, June 29, 1983, Tape 160, Side A at 36. Admittedly, it would have been preferable for the legislature to have used the phrase "under 18 years of age" to include juveniles up to their 18th birthdays. The fact that it chose different terminology to accomplish the same result should not lead us to interpret the phrase in a way that the legislature never intended.

*Peoples,* 44 Colo 600, 99 P 333 (1909); *see also State v. Maxson,* 54 Ohio St 2d 190, 375 NE2d 781, 782 (1978) (a person who has passed his 15th birthday but has not yet reached his 16th birthday is "over fifteen years of age"); *Farrow v. State,* 258 A2d 276, 277 (Del 1969)(in common usage, a person is "over the age of sixteen" the day after the 16th anniversary of his birth); *State v. Linn,* 363 P2d 361, 363 (Alaska 1961)(a person is over or under a certain age when he has reached the particular anniversary of his birth.)

I find the reasoning in *Knott v. Rawlings, supra,* which represents the majority rule, persuasive. A juvenile is 17 on the 17th anniversary of his birth. *State v. Hansen,* 82 Or App 178, 181, 728 P2d 538 (1986). Seventeen is an exact and definite period of time. Before the 17th anniversary of a juvenile's birth, he is under 17 years of age and after that anniversary he is over 17.[1]

The majority accepts the state's argument and concludes that this construction is in derogation of legislative intent. In this regard, the state contends that the legislature intended "17 years of age or younger" to mean "under 18."[2] The state cites legislative history which indicates that the legislature intended ORS 809.260 to apply to juveniles up to their 18th birthday. Nevertheless, it is not within the judiciary's power to rewrite an unambiguous statute so as to carry out the legislature's intent when the legislature, itself, has failed to do so. This rule of construction was noted in *Monaco*

---

[1] This interpretation is consistent with the application of ORS 471.105, which provides:

"Before being qualified to purchase alcoholic liquor from the commission, a person must be over 21 years of age."

If a juvenile is 17 until his 18th birthday, as the state contends, this would in turn mean a person is 21 until his 22nd birthday. Consequently, a person would not be "over 21" until his 22nd birthday and would thus be unable to purchase alcohol until that time.

[2] The state argues that ORS 809.260 (*former* ORS 482.593(1)) was "enacted specifically to penalize juveniles as a class distinct from adults for offenses relating to drug and alcohol use. Pursuant to ORS 419.476(1) '[t]he juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age.' " This argument, however, points out that, throughout ORS ch 419, the legislature used the phrase "under 18 years of age." In ORS 809.260, however, the legislature chose different language. When the legislature uses different terms in related statutes, it is presumed that different meanings were intended. *State v. Crumal,* 54 Or App 41, 45, 633 P2d 1313 (1981).

*v. U.S. Fidelity & Guar.,* 275 Or 183, 188, 550 P2d 422 (1976), in the following manner:

> "Whatever the legislative history of an act may indicate, it is for the legislature to translate its intent into operational language. This court cannot correct clear and unambiguous language for the legislature so as to better serve what the court feels was, or should have been, the legislature's intent. *Lane County v. Heintz Construction Co. et al,* 228 Or 152, 157, 364 P2d 627 (1961)."

*See also Berry Transport, Inc. v. Heltzel,* 202 Or 161, 166, 272 P2d 965 (1954); *State v. Wolf,* 17 Or 119, 128-29, 20 P 316 (1888).

The majority also contends that we should construe ORS 809.260 to apply to juveniles up to their 18th birthday, because in common parlance a person is 17 years of age for an entire year. When the legislature has spoken in unambiguous terms, construction is neither necessary nor permitted.

I would hold that ORS 809.260 only applies to a juvenile up to and including the 17th anniversary of his birth. The defendant in this case, therefore, is beyond the reach of the statute. The legislature knows how to write a statute to make it apply to persons 18 years of age or under. *See* n 2, *supra.* We should not engage in legislation because we think we know what the legislature meant to do when it, in fact, did something else.