Argued May 18, affirmed June 1, reconsideration denied July 14, petition for review denied July 27, 1976

STATE OF OREGON, *Respondent,*
*v.*
RICHARD PAUL MORRISON, *Appellant.*
(No. C 75-07-2180 Cr, CA 5435)

549 P2d 1295

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

## LANGTRY, J.

Defendant was convicted on jury trial of being an ex-felon in possession of a concealable firearm (ORS 166.270) and "carrying" a stiletto in violation of ORS 166.510.

He challenges the first count conviction on grounds of what he claims was an illegal search. We have determined this claim to be baseless, and unnecessary of opinion.

He challenges the second count conviction on the ground that he was not "carrying" the stiletto. The pertinent part of ORS 166.510(1) provides:

"* * * [A]ny person who * * * carries a dirk, dagger or stiletto commits a Class A misdemeanor."

The defendant was stopped as the driver of a vehicle by an officer for a legitimate traffic offense. The officer saw and seized a stiletto which was partially showing on the vehicle floor by the side of the defendant's right foot.

Defendant claims that for guilt of "carrying" there must be more than constructive possession; the stiletto must have been upon his person.

Webster's dictionary gives 21 different numbered definitions of the word "carry." The first one is "to convey or transport, especially in a vehicle * * *." *See* Webster's New Twentieth Century Dictionary 277 (unabridged 2d ed 1964).

ORS 166.240 makes it illegal to carry "concealed about his person" "any knife * * * dirk, dagger * * *." Webster's says a "stiletto" is a "dagger." Webster's, supra, at 1788.

When the quoted statutes are read and construed together, it is thus seen that carrying "on the person" of such a weapon is covered by ORS 166.240. Therefore, it is logical to conclude that something additional was intended by prohibiting "carrying" of such a weapon in ORS 166.510, which has twice been

amended and repassed since any similar action with reference to ORS 166.240. *See* Oregon Laws 1957, ch 290; Oregon Laws 1973, ch 746. We conclude this additional meaning includes that which is defined in Webster's first definition of the word "carry," supra. This is not to say that every "carrying" of a dagger-like instrument in a vehicle is prohibited by ORS 166.510. We think it obvious that the legislature intended to prohibit only such carrying as by its nature makes the instrument readily available for use as a weapon by a person who has its constructive possession. That ingredient of the offense is fulfilled by the circumstances of the case at bar.

Affirmed.