**William David CREMER, Appellant,**

v.

**ANCHORAGE, a Municipal Corporation, Appellee.**

**No. 3597.**

Supreme Court of Alaska.

March 3, 1978.

Albert Maffei, Anchorage, for appellant.

Allen M. Bailey, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, CONNOR, BURKE, and MATTHEWS, Justices, and DIMOND, Justice, Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

An ordinance of the Municipality of Anchorage states that:

A. No person may operate a vehicle unless he is licensed as an operator as required by the State of Alaska.

B. No person may violate a condition or privilege of such license, nor may the person drive a vehicle while such license is suspended, revoked or refused.[1]

A state statute, AS 28.15.300(a), provides in part:

A person who drives a motor vehicle on a public highway in this state at a time when his privilege to do so has been cancelled, suspended or revoked by a court of competent jurisdiction is guilty of a misdemeanor . . .

William Cremer was convicted of a violation of the Anchorage ordinance quoted above. The violation consisted of his driving an automobile in a large, privately-owned parking lot while his motor vehicle operator's license was suspended. He contends on appeal that the Anchorage ordinance involved here is invalid, because it is not limited to driving on public highways while one's operator's license is suspended as is the state provision, and, therefore, is in conflict with AS 28.15.300(a).

Anchorage is a home rule municipality. The Alaska Constitution, art. X, § 11 provides:

A home rule borough or city may exercise all legislative powers not prohibited by law or by charter.

The basic question here is whether the enactment by the Municipality of Anchorage of § 9.12.010 was "prohibited by law" within the meaning of the constitution.

With respect to the operation and control of motor vehicles, the legislature has expressly prohibited by law the enactment by home rule entities of ordinances inconsistent with the statutory provisions relating to motor vehicles under Title 28. This is clear from AS 28.01.010(a), which provides in part:

. . . No municipality may enact an ordinance which is inconsistent with the provisions of this title or the regulations promulgated under this title. . . .

The word "inconsistent" describes what reveals lack of uniformity in over-all purpose or design.[2] The over-all purpose or design of AS 28.15.300(a) is to prohibit one from driving a motor vehicle while his license has been suspended or revoked. But the state legislature was concerned only as to public highways and thus limited the prohibition to such highways. On the other hand, the Anchorage ordinance contained the same prohibition—that of driving a motor vehicle while one's license is suspended or revoked. However, the ordinance is not limited to public highways, but encompasses the driving of a vehicle anywhere within the limits of the Municipality of Anchorage which, of necessity, would include a privately-owned parking lot.

The over-all or basic purpose or design of the statute and the ordinance is the same: to prohibit the driving of a motor vehicle while one's license is suspended or revoked. In order to hold that the ordinance is prohibited by law, it would have to be found that it directly or indirectly impeded implementation of a statute which sought to further a specific statewide policy.[3] Here the legislative prohibition is directed against an "inconsistency" between a local ordinance and a state statute relating to the driving of motor vehicles while one's

---

1. Anchorage Code of Ordinances § 9.12.010.

2. The American Heritage Dictionary at 666 (1973).

3. *Area Dispatch, Inc. v. City of Anchorage*, 544 P.2d 1024, 1025 (Alaska 1976); *Jefferson v. State*, 527 P.2d 37, 44 (Alaska 1974).

license is suspended. The ordinance accomplishes the same object as the statute, and then a bit more by covering the driving in areas that are not public highways.

■ We do not believe that this slight discrepancy between the statute and the ordinance, i. e., the driving of motor vehicles on private property, is of such a nature that the exercise of municipal power has been directly or indirectly prohibited by legislative action.[4] Within the meaning of AS 28.01.010, which provides that no municipality may enact an ordinance "which is inconsistent" with the provisions of Title 28, relating to motor vehicles, we conclude that § 9.12.010 of the Code of Ordinances of the Municipality of Anchorage is not inconsistent with AS 28.15.300(a), prohibiting the driving of a motor vehicle on a public highway while one's license is suspended.[5] The ordinance is not invalid.[6]

■ AS 28.15.300(a) refers to one whose operator's license has been cancelled, suspended or revoked by "a court of competent jurisdiction." The ordinance makes no reference to the method or means by which an operator's license has been suspended. Cremer contends that this shows an incon-

sistency between the statute and the ordinance because in this case Cremer's license was not suspended by a court of competent jurisdiction, but instead by the State Department of Public Safety.

We fail to see what difference it makes whether one's motor vehicle operator's license has been suspended by the Department of Public Safety or by a court. The prohibition in § 9.12.010 of the Anchorage Code of Ordinances is directed against one who drives a vehicle while his license to operate the vehicle, as required by the State of Alaska, "is suspended, revoked or refused." The fact that the statute refers to the suspension being effected by a "court of competent jurisdiction" does not mean that the ordinance is inconsistent with the statute because it may encompass a valid license suspension effected by a state agency rather than by a court.

AS 28.01.010(c) provides:

A copy of all traffic ordinances enacted by a municipality shall be forwarded to the commissioner of public safety, and specific notice of any inconsistent ordinances shall be given by the municipality when the copy of the ordinances is forwarded. So far as practicable, the sec-

---

**4.** *Jefferson v. State*, 527 P.2d 37, 44 (Alaska 1974).

**5.** Cremer relies upon *Adkins v. Lester*, 530 P.2d 11 (Alaska 1974), *reh. denied*, 532 P.2d 1027 (Alaska 1975), as authority for holding the Anchorage ordinance invalid. In that case a City of Fairbanks Ordinance required emergency vehicles to use at all times warning lights or audible signals. A state regulation, on the other hand, permitted such vehicles to avoid use of such lights and signals in certain instances. Thus, the ordinance restricted conduct involving emergency vehicles which the statute expressly permitted. This court held that the Fairbanks ordinance was in conflict with the state regulation, and amounted to the exercise of home rule power expressly prohibited by the legislature.

In *Adkins*, there was an apparent inconsistency between the ordinance and the state regulation—something which does not exist in this case. It can hardly be said here that by prohib-

iting the driving on public highways by one whose license has been suspended, the legislature intended, as a matter of policy, to permit such person to drive on privately-owned property, such as the large parking lot involved in this case. It is possible, of course, for a municipality to go beyond the statutory requirements to the extent that the ordinance would be inconsistent with the statute. But that is not the situation here.

**6.** It should be noted that AS 28.01.010 provides in subsection (b) that:

. . . Notwithstanding (a) of this section, a municipality may enact necessary ordinances to meet specific local requirements.

In addition, AS 29.48.035(a) provides in part that a municipality may regulate:

(1) vehicle, pedestrian, and other traffic, and licensing and operation of motor vehicles, including snow vehicles and off-highway vehicles, and operators not inconsistent with AS 28.01.010, . . .

tion number identifying a particular municipal traffic ordinance shall be the same as the section number identifying a corresponding provision of this title or regulations promulgated under this title.

Cremer contends that the Municipality of Anchorage has failed to comply with this statute. But he fails to point out, and we do not perceive how such noncompliance, if it is a fact,[7] illustrates any inconsistency between the ordinance and the statute. We shall give no further consideration to this contention.[8]

The judgment is AFFIRMED.

RABINOWITZ, J., not participating.

---

7. There is nothing in the record supporting the allegation that the Municipality of Anchorage had failed to comply with this statute.

8. The point attempted to be made here by Cremer has not been briefed in accordance with Appellate Rule 11(b)(1)[g], and therefore is not deserving of serious consideration by this court. *Wernberg v. Matanuska Electric Association,* 494 P.2d 790, 794 (Alaska 1972).