Argued and submitted May 20, reversed September 28, 1981

# STATE OF OREGON,
*Respondent,*

*v.*

# RORY ALDEN CRUMAL,
*Appellant.*

(80-2009, CA 19852)

633 P2d 1313

Jeffrey D. Waarvick, Newport, argued the cause for appellant. With him on the brief was Branford & Waarvick, Newport.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals his conviction of the offense of Carrying a Concealed Weapon, ORS 166.240(1)[1], assigning as error the denial of his motions for judgment of acquittal made at the close of the state's case in chief and renewed after both sides rested. Several arguments were made in support of each motion and are renewed here. Because we consider the first argument to be dispositive, we do not consider the others. That contention is that a weapon concealed in a vehicle, rather than on defendant's person, is not concealed "about his person" within the meaning of ORS 166.240. We agree with that contention and reverse.

The facts are not in dispute. Defendant and a school bus driver were involved in an exchange of "harsh words" on the grounds of the Beverly Beach State Park. During that exchange, the bus driver waved his tire thumper at defendant, who responded by jumping on the bed of his flatbed truck and waving a weapon in the direction of the driver. It was described as an old, rusty carving knife with a five inch curved blade and a four-inch wooden handle. The incident ended in a stalemate, and defendant drove away in his truck. Shortly thereafter, a report of the incident was received by the Lincoln County Sheriff's Department, after which two deputies located defendant's flatbed truck about a mile north of the park. Defendant was not then in the truck, but was found by the officers shortly thereafter. With defendant's consent the officers searched the truck and discovered the knife in question under the floor mat on the passenger's side of the vehicle.

The language of ORS 166.240(1) relevant to our decision is: "* * * any person who carries concealed *about his person* in any manner * * * any knife, other than an

---

[1] ORS 166.240(1) provides:

"(1) Except as provided in ORS 166.260, 166.290 and subsection (2) of this section, any person who carries concealed about his person in any manner, any revolver, pistol, or other firearm, any knife, other than an ordinary pocketknife, or any dirk, dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be punished upon conviction by a fine of not less than $10 nor more than $200, or by imprisonment in the county jail not less than five days nor more than 100 days, or both."

ordinary pocketknife * * * shall be punished upon conviction * * *." (Emphasis supplied.) The state contends that the phrase "about his person" should be broadly construed to include a weapon which is readily available for use by a person who has constructive possession of it. If that contention is correct, there was a jury question here and defendant's motions would have been properly denied; if not, the first motion should have been granted.

In *State v. Morrison,* 25 Or App 609, 549 P2d 1295, *rev den* (1976), the defendant was charged with carrying a stiletto in violation of ORS 166.510.[2] He contended that he was not "carrying" the stiletto, because it was on the floor of a vehicle he was driving, by the side of his right foot. In holding that constructive possession of the stiletto was within the prohibition of that statute, we construed ORS 166.510 together with ORS 166.240(1). We concluded that because ORS 166.240(1) covers such a weapon carried "on the person," "something additional was intended by prohibiting 'carrying' of such a weapon in ORS 166.510, * * *." 25 Or App 611. Accordingly, we held that the word "carrying" in ORS 166.510(1) embraced the proscribed weapons found in vehicles if the carrying "by its nature [made] the instrument readily available for use as a weapon by a person who has its constructive possession." 25 Or App at 612.

■ ■   It may be, as the state contends, that our construing the two statutes together in *Morrison* was both unnecessary and inappropriate[3] and that our statements as to the meaning of ORS 166.240 should be disregarded as

___

[2] ORS 166.510(1) provides:

"(1) Except as provided in ORS 166.515 or 166.520, any person who manufactures, causes to be manufactured, sells, keeps for sale, offers, gives, loans, carries or possesses an instrument or weapon having a blade which projects or swings into position by force of a spring or other device and commonly known as a switch-blade knife or an instrument or weapon commonly known as a blackjack, slung shot, billy, sandclub, sandbag, sap glove or metal knuckles, or who carries a dirk, dagger or stiletto commits a Class A misdemeanor."

[3] It appears that the gravamen of ORS 166.510 is the carrying *or* possessing of the proscribed weapons, concealed or not; that is a broader proscription than that contained in ORS 166.240, the gravamen of which is the carrying of the proscribed weapon concealed about the person.

dicta. Whether or not that is so, the court's reading of the statute is, at the least, a fair indication of how a person reading it would reasonably understand the extent of its proscription. Further, even if *Morrison* could have been decided under a different rationale, the one used by the court is valid:  Where the legislature uses different language in similar statutory provisions it is presumed to have intended a different meaning.

The same rationale is useful here. The broad scope of the proscribed conduct which the state urges under ORS 166.240 was expressly provided by the legislature in ORS 166.250(1), which provides:

> "(1) Except as otherwise provided in this section, ORS 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, any person who possesses or has in his possession any machine gun, or carries concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290, is guilty of a misdemeanor, unless he has been convicted previously of any felony or of any crime made punishable by this section, ORS 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, in which case he is guilty of a felony."

Not only is the scope of that proscription expressly broad, but the legislature distinguished possession, carrying upon the person and carrying within any vehicle which is under the person's control or direction. To achieve the result which the state urges upon us, the additional language contained in ORS 166.250 would need to be added to ORS 166.240, unless we can say that carrying "upon" the person is significantly different from carrying "about" the person.

Arguably, "about" the person is somewhat broader than "upon" the person, in that the former phrase might include something carried in a brief case or handbag, whereas the latter phrase might not. In either case, however, the most reasonable inference is that the carrying of the proscribed weapon be such that the weapon move with the perambulation of the person. Certainly, if the legislature intended the phrase "about his person" to include "within any vehicle," it could have used the same phrase, "about his person," in ORS 166.250. It is no answer to say,

as the state does, that automobiles had not been invented in 1885, when ORS 166.240 was enacted originally, so there was no need for the broad language contained in ORS 166.250. There were horse-drawn carriages, buckboards and the like to which the proscription could have applied if the legislature had intended to proscribe such carrying of concealed weapons. Further, ORS 166.240 was amended in 1977 (Or Laws 1977, ch 454, § 1), but the language in question was not broadened or changed. It is reasonable to conclude that the legislature considered firearms more dangerous than certain kinds of knives and therefore placed a broader proscription on carrying or possessing firearms.

■ ■　Finally, the state's reliance on ORS 161.025(2),[4] which appears to abrogate the common law rule of strict construction of penal statutes and to direct that they be construed "according to the fair import" of their terms and "to promote justice," is misplaced. The fair import of the phrase "carries concealed about the person" is that the concealed weapon be carried in such a manner that it moves along with the person's body, not just in reasonable proximity to the person or in some place where it would be deemed to be in the constructive possession of the person. To reach the broader construction asserted by the state would require us to add language to ORS 166.240 similar to that contained in ORS 166.250, which we may not do even under ORS 161.025.

It follows that defendant's motion for judgment of acquittal should have been granted.

Reversed.

---

[4] ORS 161.025(2) provides:

"(2) The rule that a penal statute is to be strictly construed shall not apply to chapter 743, Oregon Laws 1971, or any of its provisions. Chapter 743, Oregon Laws 1971, shall be construed according to the fair import of its terms, to promote justice and to effect the purposes stated in subsection (1) of this section."

Arguably, ORS 161.025 may not apply because ORS 166.240(1) was not included in Oregon Criminal Code of 1971 at the time of its adoption.