**ANCHORAGE, A Municipal Corporation, Appellant,**

v.

**Gregory RICHARDS, Appellee.**

**ANCHORAGE, A Municipal Corporation, Appellant,**

v.

**Douglas R. PHILLIPS, Appellee.**

**ANCHORAGE, A Municipal Corporation, Appellant,**

v.

**Michael B. PHELPS, Appellee.**

**ANCHORAGE, A Municipal Corporation, Appellant,**

v.

**Edward A. KEGLER, Appellee.**

**Nos. 6387, 6459, 6504 and 6540.**

Court of Appeals of Alaska.

Nov. 19, 1982.

James F. Wolf, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellant.

Jean S. Schanen, Wasilla, for appellee Gregory Richards.

Jonathon A. Katcher, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for Douglas R. Phillips, Michael B. Phelps, and Edward A. Kegler, appellees.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

This is an appeal by the Municipality of Anchorage from a series of decisions of the trial court dismissing prosecutions. The decisions are final, and we have jurisdiction. *State v. Michel,* 634 P.2d 383 (Alaska App. 1981). The appeals have been joined, because they present a single issue of law: whether a municipal ordinance regulating carrying a concealed weapon is prohibited by state law. We conclude that the trial court erred in its construction of the interplay between the state legislation and the ordinance, and therefore we reverse.

Appellees were charged with separate violations of AMC 8.05.070 which provides as follows:

A. It is unlawful for any person to carry concealed about his person in any manner:

1. a revolver, pistol or other firearm;

. . .

In each complaint, it was alleged that the defendant concealed a firearm about his person by storing it in his vehicle.

The complaints were dismissed by the district court on the assumption that AMC 8.05.070 was in irreconcilable conflict with AS 11.61.220 which prohibits someone from knowingly possessing a deadly weapon concealed "on his person." The district court noted that AS 11.61.220, as originally contemplated, proscribed concealing a weapon in an automobile but that members of the legislature objected to this provision, and it was deleted. Consequently, the district court inferred that the legislature's decision not to prohibit carrying a concealed weapon in a vehicle precluded a municipality from enforcing such a prohibition. On the assumption that the Anchorage ordinance prohibited carrying a weapon in a vehicle, the trial court held the ordinance invalid.

Anchorage is a home rule municipality with broad powers of legislation. Article 10, section 1 of our state constitution provides in relevant part:

The purpose of this article [governing local government] is to provide for maximum local self-government with a minimum of local government units, and to prevent duplication of tax-levying jurisdictions. A liberal construction shall be given to the powers of local government units.

Article 10, section 11 provides in relevant part:

A home rule borough or city may exercise all legislative powers not prohibited by law or by charter.

 The district court reasoned that AMC 8.05.070 was prohibited by the enactment of AS 11.61.220. We have concluded that the district court erred in this determination and therefore we reverse. AS 11.-61.220 does not address municipal powers and therefore cannot be construed to explicitly prohibit any municipal action. Nor do we believe that the statute can be interpreted to implicitly prohibit municipal action. Generally, legislation can take three positions regarding conduct: (1) it can prohibit conduct; (2) it can expressly license conduct, that is, create an express "privilege" to engage in certain conduct; or (3) it can ignore conduct. There is nothing in the statute in question suggesting that it was intended to expressly privilege carrying weapons. The most that can be said is that the legislature elected to tolerate such conduct. Such toleration does not rise to the level of the prohibition contemplated by Article 10, section 11 of our state constitution. Home rule municipalities are free to prohibit conduct that is not prohibited by state legislation. *See Cremer v. Anchorage,* 575 P.2d 306 (Alaska 1978).

Our holding today does not depart from *Simpson v. Municipality of Anchorage,* 635 P.2d 1197 (Alaska App.1981). In that case, a majority of this court held that AS 28.01.-010(a) constituted a legislative prohibition of any municipal ordinance governing traffic regulation which was "inconsistent" with a state statute or rule regulating traffic. In determining whether an inconsistency existed, we determined that state-wide uniformity was a significant purpose of the traffic regulations. *Id.* at 1202. We then found AMC 9.28.030, which at that time prescribed driving with a .10% blood alcohol level, inconsistent with AS 28.35.030, because it did not prohibit driving with a .10% blood alcohol level unless driving was impaired. There is nothing in the criminal code suggesting that its provisions dealing with possession of weapons were intended to establish state-wide uniformity; nor is there any state statute regulating firearms which prohibits inconsistent municipal ordinances. Finally, we find absolutely nothing in the state statutes that would suggest an intent to encourage people to carry weapons in automobiles.

The judgment of this district court is REVERSED and these cases REMANDED for further proceedings consistent with this opinion.[1]

1. The parties in the district court proceeded on the assumption that the municipal ordinance in question prohibits concealing firearms in vehicles. The trial court either so found or simply accepted the parties' construction of the ordinance *arguendo* and went on to reach the constitutional issue. We express no opinion as to whether this interpretation of AMC 8.05.070 is appropriate. *But see State v. Crumal,* 54 Or. App. 41, 633 P.2d 1313 (1981), (interpreting an Oregon statute identical to the ordinance in this case). The Oregon court held that the import of the phrase "carries concealed about the person" contained in the statute governing carrying concealed weapons is that the concealed weapon must be carried in such a manner that it moves along with a person's body, not just in reasonable proximity to the person or some place where it could be deemed to be in his constructive possession. Therefore, a firearm under an automobile seat was held not to be carried about the driver's person. ORS 166.-240, 166.240(1).