**MUNICIPALITY OF ANCHORAGE,**
Appellant,

v.

**Eric AFUALO, Appellee.**

**MUNICIPALITY OF ANCHORAGE,**
Appellant,

v.

**James A. MAYO, Appellee.**

**Nos. 7094, 7095.**

Court of Appeals of Alaska.

Feb. 4, 1983.

Scott T. Fleming, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellant.

Jonathon A. Katcher, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellees.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

This is an appeal by the Municipality of Anchorage from two decisions of the trial court dismissing prosecutions. The decisions are final and we have jurisdiction. *State v. Michel,* 634 P.2d 383 (Alaska App. 1981). The appeals have been joined because they present a single issue of law: whether a municipal ordinance prohibiting solicitation of a prostitute is prohibited by state law. We conclude that the trial court erred in its construction of the interplay between the state legislation and the municipal ordinance and we therefore reverse.

Appellees were charged with separate violations of AMC 8.14.030 which provides as follows: "It is unlawful for any person to solicit . . . another for the purpose of prostitution or assignation." In separate complaints, the defendants were charged with soliciting someone for the purpose of prostitution by offering to pay an undercover policewoman for sexual intercourse.

The complaints were dismissed by the district court on the assumption that AMC 8.14.030 was in irreconcilable conflict with AS 11.66.100 which prohibits someone from engaging or offering to engage in sexual intercourse for a fee. The district court noted that the state statute, as originally contemplated, penalized both the prostitute and her customer. Certain legislators objected to penalizing the putative customer and the prohibition of his conduct was deleted. Consequently, the district court inferred that the legislature's decision not to prohibit offering a prostitute money for sexual intercourse precluded a municipality from enforcing such a prohibition. The trial court therefore held the ordinance invalid.

Anchorage is a home rule municipality with broad powers of legislation. Article 10, section 1 of our state constitution provides in relevant part:

> The purpose of this article [governing local government] is to provide for maximum local self-government with a minimum of local government units, and to prevent duplication of tax-levying jurisdictions. A liberal construction shall be given to the powers of local government units.

Article 10, section 11 provides in relevant part: "A home rule borough or city may exercise all legislative powers not prohibited by law or by charter."

The district court reasoned that AMC 8.14.030 was prohibited by the enactment of AS 11.66.100–150. We have concluded that the district court erred in this determination and therefore we reverse. The Revised Code does not address municipal powers and therefore cannot be construed to explicitly prohibit any municipal action. Nor do we believe that the statute can be interpreted to implicitly prohibit municipal action. In *Anchorage v. Richards,* 654 P.2d 797 (Alaska App., 1982) we said:

> Generally, legislation can take three positions regarding conduct: (1) it can prohibit conduct; (2) it can expressly license conduct, that is, create an express "privilege" to engage in certain conduct; or (3) it can ignore conduct. There is nothing in the statute in question suggesting that it was intended to expressly privilege carrying weapons. The most that can be said is that the legislature elected to tolerate such conduct. Such toleration does not rise to the level of the prohibition contemplated by Article 10, section 11 of

our state constitution. Home rule municipalities are free to prohibit conduct that is not prohibited by state legislation. *See Cremer v. Anchorage,* 575 P.2d 306 (Alaska 1978).

We believe *Richards* is dispositive of this case. There is nothing in AS 11.66.100–150 which would support an inference that the legislature sought to encourage men to patronize prostitutes nor is there any indication in those statutes that the legislature sought statewide uniformity in regulating commercial sexual relations. *Cf. Rubey v.*

*City of Fairbanks,* 456 P.2d 470, 475 (Alaska 1969) (interpreting former law).

The judgments of the district court are REVERSED and these cases REMANDED for further proceedings consistent with this opinion.