**MUNICIPALITY OF ANCHORAGE,**
**Appellant,**

v.

**David H. LLOYD, Appellee.**

**No. 7721.**

Court of Appeals of Alaska.

April 6, 1984.

James F. Wolf, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellant.

Elizabeth J. Kerttula, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

David H. Lloyd was charged by the Municipality of Anchorage with carrying a concealed weapon, AMC 8.05.070(A). The complaint charged Lloyd with carrying a .357 calibre revolver under the seat of a car he was driving. Lloyd moved to dismiss the complaint, contending that AMC 8.05.070(A) does not apply to weapons concealed under the seat of a car. District Court Judge Elaine M. Andrews granted the motion to dismiss, and the Municipality appealed.[1]

---

**1.** Since the district court's order of dismissal    constitutes a final judgment dealing with the

AMC 8.05.070(A) provides, in relevant part:

It is unlawful for any person to carry concealed about his person in any manner:

(1) a revolver, pistol or other firearm.

In *Anchorage v. Richards*, 654 P.2d 797 (Alaska App.1982), we upheld the right of the Municipality to enact and enforce an ordinance prohibiting the carrying of concealed weapons in automobiles. However, we expressly reserved the question of whether AMC 8.05.070(A) could properly be construed to apply to such a case. *Richards*, 654 P.2d at 779 n. 1. In reserving this question, we noted the recent decision of the Oregon Court of Appeals in *State v. Crumal*, 54 Or.App. 41, 633 P.2d 1313 (1981). *Id.* In *Crumal*, the court held that a statute virtually identical to AMC 8.05.070(A) did not extend to weapons concealed in motor vehicles. Judge Andrews apparently relied on *Crumal* in granting Lloyd's motion to dismiss. We reverse.

The holding of the Oregon Court of Appeals in *Crumal* appears to be at odds with the clear majority of cases construing statutes that prohibit the carrying of concealed weapons. *See, e.g., Brown v. United States*, 30 F.2d 474 (D.C.Cir.1929); *United States v. Nygard*, 324 F.Supp. 863 (W.D. Mo.1971); *Ensor v. State*, 403 So.2d 349 (Fla.1981); *State v. McNary*, 100 Idaho 244, 596 P.2d 417 (1979); *State v. Williams*, 636 P.2d 1092, 1094–95 (Utah 1981). *See generally* Annot., 43 ALR.2d 492 (1955). Lloyd nevertheless urges us to follow the narrow construction of the term "about the person" adopted by the court in *Crumal*, because this construction would comport with the general principle that criminal statutes should be narrowly construed. 3 C. Sands, *Sutherland Statutory Construction* § 59.03 at 6 (4th ed. 1974).

We believe, however, that a narrow reading of AMC 8.05.070(A) is not justified. The ordinance is to be construed narrowly only to the extent that it is ambiguous. In determining whether ambiguity exists, we must read the ordinance in a fair and reasonable manner, with due regard for its purpose. *See State v. Ogata*, 58 Hawaii 514, 572 P.2d 1222, 1225–26 (1977). *See also State v. Williams*, 636 P.2d at 1094–95. In the absence of legislative history supporting a restrictive interpretation, we cannot assume that the ordinance was intended to be read in a hypertechnical manner. *See United States v. Barber*, 594 F.2d 1242, 1244 (9th Cir.), *cert. denied*, 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 46 (1979).

It seems reasonably clear that the term "about his person", as used in AMC 8.05.-070(A), was intended to have a broader meaning than "on his person" and was meant to encompass a weapon carried in close proximity to a person and readily accessible for use. *State v. Williams*, 636 P.2d at 1095; *Brown v. United States*, 30 F.2d at 474. This interpretation is consistent with the purpose of statutes such as AMC 8.05.070(A), which prohibit the carrying of concealed weapons. The traditional purpose of such statutes is generally recognized as protection of the public by preventing individuals from having, readily available for use, weapons of which others are unaware. *State v. Williams*, 636 P.2d at 1094–95; *State v. Ogata*, 572 P.2d at 1225–26; *People v. Raso*, 9 Misc.2d 739, 170 N.Y.S.2d 245, 251 (1958).

It is similarly clear that the act of "carrying" a weapon includes transportation beneath the driver's seat of a car. Webster's defines "carry", in relevant part, as follows: *"carry ...* 1. to hold or support while moving ... 2. to take from one place to another; transport, as in a vehicle ...." *Webster's New World Dictionary* 218 (2d College Edition 1980). Appellate courts have consistently applied similar definitions of the word "carry" in construing statutes prohibiting the carrying of weapons. Thus, in *United States v. Barber*, 594 F.2d at 1244, the Ninth Circuit

sufficiency of the complaint filed against Lloyd, it is appealable. *See Kott v. State*, 678 P.2d 386, 389 n. 4 (Alaska 1984).

Court of Appeals held that a handgun locked in a glove compartment of a car in which a drug sale occurred was within the scope of a federal statute prohibiting carrying a firearm during commission of a felony. Addressing this point, Circuit Judge Hufstedler wrote: "In ordinary usage, the verb 'carry' includes transportation or causing to be transported." *Id. See also United States v. Kirkland,* 637 F.2d 654, 656 (9th Cir.1980) (the words "convey", "transport", and "carry" are deemed synonymous for purposes of applying a statute prohibiting conveying a dangerous instrument in a federal penitentiary); *State v. Williams,* 636 P.2d at 1094–95 (a gun placed in a satchel on the passenger seat of a car driven by the accused was within the scope of a statute prohibiting carrying a concealed dangerous weapon).

 We conclude that, given a fair and reasonable construction, the language of AMC 8.05.070(A) is not ambiguous. The plain meaning of the ordinance is sufficiently broad to prohibit the driver or passenger of an automobile from keeping a weapon concealed either on his person or in close proximity to his person, readily available for use.[2]

The order of dismissal is REVERSED, and the case is REMANDED to the district court for further proceedings.

**2.** In *Crumal v. State,* 633 P.2d at 1315, the Oregon Court of Appeals, construing the phrase "about his person," stated that "the most reasonable inference is that the carrying of the proscribed weapon be such that the weapon move with the perambulation of the body." The court was influenced, at least in part, by the fact that a related provision specifically prohibited carrying a firearm in a vehicle. However, we have found no other case defining "about his person" in a similar manner. We note that the definition adopted in *Crumal* seems contrary to the ordinary definition of the word "carry." *See United States v. Barber,* 594 F.2d at 1244.