W.M.F., [a Minor Under the Age of Eighteen (18) Years,] Petitioner,

v.

The Honorable Karl S. JOHNSTONE, Judge of the Superior Court, Respondent.

No. A–1243.

Court of Appeals of Alaska.

Jan. 2, 1986.

Valerie Tehan, Asst. Public Advocate, Michael Dieni, Legal Intern, Office of Public Advocate, Brent McGee, Public Advocate, Anchorage, for petitioner.

D. John McKay, Middleton, Timme & McKay, Anchorage, for respondent.

## OPINION

Before BRYNER, C.J. and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

W.M.F., a minor, has petitioned for review of a superior court order permitting two members of the public to attend a juvenile waiver hearing that is being held to determine whether W.M.F. can be tried as an adult. We affirm the superior court's order.

On April 22, 1985, Tom and Anne Faccio and Emilia Elliott were shot to death in their Anchorage home. Following an intensive investigation, police arrested Cordell Boyd[1] and W.M.F., a fourteen-year-old girl, for the offenses. The state subsequently filed a petition, pursuant to AS 47.10.060,[2] seeking waiver of the children's court's jurisdiction, so that W.M.F. could be tried as an adult for the murders. A hearing on the issue of waiver was scheduled before Superior Court Judge Karl Johnstone. Prior to the hearing, Janice Faccio Lienhart and Sharon Faccio Nahorney, the daughters of victims Tom and Anne Faccio, intervened seeking admission to the waiver hearing.[3] Lienhart and Nahorney filed a legal memorandum in support of their request for admission. The state also filed a memorandum in support of the request. W.M.F. filed a response in opposition. After a hearing on the issue, Judge Johnstone

entered an order permitting Lienhart and Nahorney to attend W.M.F.'s waiver hearing. W.M.F. petitioned this court for review of that order, in accordance with Appellate Rule 403. We granted the petition, because it raised an important question of law on which there is a substantial ground for a difference of opinion, the decision of which may advance an important public interest. *See* App. R. 402(b)(2).

The primary issue that W.M.F. raises for review is whether Children's Rule 12(d)(2) applies to waiver proceedings, or whether such proceedings are governed instead by AS 47.10.070. In ordering W.M.F.'s waiver hearing to be opened to Lienhart and Nahorney, Judge Johnstone applied the balancing formula set out in Children's Rule 12(d)(2):

> Child hearings shall not be open to the general public. The court may, however, in its discretion after due consideration for the welfare of the child and of the public interest, admit particular individuals to the hearing.

W.M.F. does not challenge the appropriateness of Judge Johnstone's order as an application of Children's Rule 12(d)(2). Indeed, W.M.F. acknowledges that, under the circumstances of this case, Judge Johnstone's order would not have amounted to an abuse of discretion if Children's Rule 12(d)(2) were applicable. W.M.F. nevertheless insists that Children's Rule 12 deals only with delinquency hearings and does not apply to children's waiver proceedings. According to W.M.F., Children's Rule 3(e),[4]

---

1. Cordell Boyd was over seventeen years' of age and was therefore charged as an adult. He eventually pled guilty to the charges against him.

2. Alaska Statute 47.10.060 provides, in relevant part:
   (a) If the court finds at a hearing on a [waiver] petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under this chapter, it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as an adult.

3. Lienhart and Nahorney sought admission to the waiver proceedings as interested members

of the public. Their request was only to be permitted to observe the proceedings. They did not request any special status, nor did they seek any active or advisory role in the prosecution of the case against W.M.F. Accordingly, we have no occasion in this case to consider whether or to what extent the rights of a victim in a criminal case might differ from those of other interested members of the public with regard to admission to a waiver proceeding.

4. Children's Rule 3 generally governs children's waiver proceedings. Subsection (e) of the rule sets out certain specific procedures for waiver hearings, stating:
   (e) *Procedure For Waiver Hearing.* The provisions of these rules concerning witnesses, tes-

applies specifically to waiver hearings. Because Rule 3(e) does not incorporate the balancing test set out in Rule 12(d)(2), or otherwise purport to give the court discretion to consider admission of members of the public, W.M.F. posits that the drafters of Rule 3 must not have intended Rule 12 to apply to waiver hearings.

Thus, W.M.F. reasons that, because the rules are silent regarding the admission of the public to children's waiver hearings, the question is governed by AS 47.10.070, which specifies procedures generally applicable to hearings in children's cases. Alaska Statute 47.10.070 states in relevant part:

> The public shall be excluded from the hearing, but the court, in its discretion, may permit individuals to attend a hearing, *if their attendance is compatible with the best interests of the minor.* [Emphasis added.]

W.M.F. asserts that, in contrast to the balancing test established in Children's Rule 12(d)(2), the statute permits individual members of the public to attend hearings in children's cases only when their admission would be in furtherance of the best interests of the child. W.M.F. reads the statute to preclude any consideration of the public interest in attending a waiver hearing or any balancing of that interest against the best interests of the child.

We assume *arguendo* that W.M.F. is correct in arguing that the statutory procedures in AS 47.10.070 are controlling on the issue of whether Lienhart and Nahorney could properly be admitted to W.M.F.'s waiver hearing.[5] We nonetheless reject W.M.F.'s argument, because we find that the statutory procedure does not differ in substance from the procedure established under Children's Rule 12(d)(2).

W.M.F.'s reading of AS 47.10.070 presupposes that the statutory phrase "compatible with the best interests of the minor" does not allow the court to admit members of the public to a waiver hearing except when their attendance will actually further the best interests of the child. Thus, W.M.F. construes "compatible with the best interests of the minor" to be the equivalent of "in the best interests of the minor."

We are unable to agree that the legislature intended the word "compatible" to be so narrowly read. In its common usage, "compatible" means: "capable of living together harmoniously or getting along well together; in agreement; congruous...." Webster's New World Dictionary 289 (2nd ed. 1970) We believe this definition to be sufficiently broad to encompass not only those situations where admission of an individual will actively serve the best interests of the child, but also those where admission will result in no significant harm or prejudice to the child's best interests, regardless of whether those interests are actually furthered.

W.M.F. has not referred to any legislative history regarding AS 47.10.070 and has not cited any other authority to support a narrow interpretation of the word "compatible," as it is used in AS 47.10.070, and we are not aware of any. In the absence of contrary authority, we think it appropriate to accord the word its usual meaning. *See, Anchorage v. Lloyd,* 679 P.2d 486, 487 (Alaska App.1984). Such an interpretation is also in keeping with the general policy of statutory construction that favors the reconciliation of statutes and court rules that are *in pari materia. Cf. Alaska Children's Services v. Williamson,* 606 P.2d

---

timonial privileges, and admissibility of evidence for the adjudicative phase of child[ren's] hearings shall be applicable to this hearing. The court shall not rely on any reports, information, or recommendation not made available to counsel. A continuance shall be granted, at counsel's request, if any report, information, or recommendation not theretofore available, is introduced or developed at the hearing, and the interests of justice require a continuance.

5. The parties have not argued the question of whether this statute, to the extent it purports to regulate procedure, conflicts with the supreme court's rule making power. *See State v. R.H.,* 683 P.2d 269 (Alaska App.1984). We therefore express no opinion regarding that issue.

786, 789 (Alaska 1980) (statutes *in pari materia* should be construed consistently).

■ When "compatible" is accorded its ordinary meaning, it becomes apparent that AS 47.10.070 requires a two-fold inquiry. Initially, the court is required to determine as a matter of fact whether the interests of the child will be harmed by admission of particular individuals to the waiver hearings. If the court finds significant harm, it has no further discretion to permit public participation in the hearing. Second, if the court finds that no significant harm will be suffered by the child, the court may go on to decide, as a matter of discretion, whether to permit attendance by the particular individuals who seek admission. In exercising its discretion, the court should determine the nature and significance of any legitimate interests that the individuals seeking admission may have in attending the proceedings. Thus, under the statutory language, attendance may be permitted only when the interest of the individual is substantial and when the possibility of significant harm to the minor is negligible.[6].

So construed, the standard established under AS 47.10.070 is essentially similar to the balancing formula set forth in Children's Rule 12(d)(2): the public interest in permitting particular individuals to be admitted to children's proceedings may properly be considered under both the statute and the rule. Arguably, the balancing standard embodied in Children's Rule 12(d)(2) remains somewhat more flexible because, in theory, it would permit at least some incursion on the best interests of the child where the public interest is sufficiently high; the statutory test, by contrast, requires a finding that the child's best interests would not be prejudiced. As a practical matter, however, it is questionable whether this theoretical difference between the children's rule and the statute will often be significant. Except in the most unusual circumstances, there is little reason to think that a children's court judge would often exercise discretion under Rule 12(d)(2) to admit members of the public to a waiver hearing if that judge was convinced that any significant measure of harm would actually accrue to the child.

■ In any event, any theoretical differences between the rule and the statute are plainly inconsequential in the present case. After a careful consideration of all pertinent information concerning W.M.F.—including the afficavits of psychologists familiar with her case—and after a thorough review of the extensive media publicity already received by W.M.F. in connection with this case, Judge Johnstone expressly found that W.M.F. would suffer no actual prejudice if the waiver proceedings were opened to attendance by Lienhart and Nahorney. Judge Johnstone's findings concerning the absence of actual prejudice are not clearly erroneous; they are supported by substantial evidence and have not been challenged by W.M.F. We therefore hold that, under either Children's Rule 12(d)(2) or AS 47.10.070, Judge Johnstone's order admitting Lienhart and Nahorney did not constitute an abuse of discretion.[7]

6. Of course, our discussion addresses only those cases in which the child objects to the presence of an individual at the waiver hearing. *See R.L.R. v. State,* 487 P.2d 27, 39 (Alaska 1971) (establishing minor's rights to have the public admitted to his or her hearing).

7. In reaching this conclusion, we believe two cautionary observations are appropriate. First, it seems evident that both the rule and the statute contemplate an individualized, case-by-case determination of whether specific persons should be admitted to a children's proceeding such as the one in the present case. Rule 12(d)(2) permits admission of "particular individuals," and AS 47.10.070 permits admission of

"individuals." Judge Johnstone's decision to admit Lienhart and Nahorney obviously met the requirements of both the rule and the statute in this regard. Judge Johnstone's conclusions were limited to the specific circumstances of the present case and to the particular interests asserted by Lienhart and Nahorney. Our opinion affirming Judge Johnstone's order should not be read to suggest that either the rule or the statute would permit proceedings to be opened to the general public or to particular classes of individuals, as opposed to particular individuals. Second, we note that Judge Johnstone found no realistic possibility of additional prejudice to W.M.F. and, on this basis, opened the entire waiver hearing to Lienhart and Nahorney. We

The superior court's order is AFFIRMED.

do not read Judge Johnstone's order to preclude further consideration if it appears, in the course of that waiver hearing, that privacy as to specific testimony or as to a particular portion of the proceeding is necessary in order to avoid actual harm to W.M.F.'s best interests. We see no reason why either the statute or the rule should be read to require that the proceedings be either opened or closed in their entirety.