**STATE of Alaska, Petitioner,**

**v.**

**David G. HAMILTON, Respondent.**

**No. A–10268.**

Court of Appeals of Alaska.

Sept. 18, 2009.

port during the custody hearing itself" waived the claim).

**50.** *Paxton v. Gavlak,* 100 P.3d 7, 13 (Alaska 2004).

David L. Brower, Assistant Attorney General, Criminal Division Central Office, and Richard Svobodny, Acting Attorney General, Juneau, for the Petitioner.

Jane E. Sebens, Assistant City Attorney, Juneau, for amicus curiae City and Borough of Juneau (aligned with the Petitioner). Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

In 1971, the City and Borough of Juneau (a home rule municipality) enacted a traffic code. One of the provisions of that code, section 72.02.210(b), makes it unlawful for a driver to "accelerate a vehicle which is stopped, standing[,] or parked on or along a highway[,] or which is entering a highway, so rapidly as to unnecessarily cause the tires to squeal or spin".

At the time this provision was enacted, the Alaska Administrative Code contained an identical traffic regulation (with an identical identifying section number): former 13 AAC 02.210(b). However, the Alaska Department of Public Safety repealed this state traffic regulation in June of 1979.

AS 28.01.010(a) declares that "[a] municipality may not enact [a traffic] ordinance that is inconsistent with the provisions of [Title 28 of the Alaska Statutes] or the regulations adopted under [that] title." The question presented in this appeal is whether the City and Borough of Juneau's traffic ordinance became "inconsistent" with state law—and thus became unlawful—by virtue of the 1979 repeal of the corresponding state regulation.

Before we address this point, we note that one might conceivably argue that, because AS 28.01.010(a) only forbids municipalities from "enacting" a traffic ordinance that is inconsistent with state traffic law, the City and Borough of Juneau may not have violated this statute—because the challenged Juneau ordinance was consistent with (in fact, identical to) state law when it was enacted.

In other words, the issue in this case arises, not from Juneau's "enactment" of the challenged ordinance, but rather from Juneau's failure to repeal the ordinance after the corresponding state regulation was repealed. However, the State does not argue that AS 28.01.010(a) allows a municipality to maintain an ordinance after it becomes inconsistent with state law due to a change in state law. We therefore assume, for purposes of this case, that AS 28.01.010(a) governs this situation. We turn, then, to the question of whether Juneau's tire-spinning ordinance is "inconsistent" with state law for purposes of AS 28.01.010(a).

The superior court acknowledged that it "[did] not have any information" as to why the Alaska Department of Public Safety repealed the corresponding state "tire-spinning" regulation, former 13 AAC 02.210(b). However, the superior court concluded that it did not matter why the Department of Public Safety repealed this regulation—because, regardless of the State's motivation for repealing the regulation, the determinative fact was that the challenged Juneau ordinance prohibits conduct that is no longer prohibited by state traffic law.

The superior court concluded that the policy behind AS 28.01.010(a) was to ensure the

uniformity of traffic laws throughout the State of Alaska. The court therefore ruled that a municipal traffic ordinance should be deemed "inconsistent" with state law whenever the ordinance proscribes conduct that is not proscribed by state traffic law. Based on this reasoning, the superior court declared that the Juneau "tire-spinning" ordinance, CBJ Code 72.02.210(b), was invalid because it violated AS 28.01.010(a).

■ It is true that the policy behind AS 28.01.010(a) is to ensure uniformity of traffic laws throughout this state. See our discussion of this point in *Simpson v. Anchorage,* 635 P.2d 1197, 1202–03 (Alaska App.1981).

■ However, as we also explained in Simpson, AS 28.01.010(a) does not require complete uniformity between state traffic laws and local traffic laws, so as to prohibit any divergence between state and local law. *Id.* at 1203–04. Rather, a local ordinance is prohibited by AS 28.01.010(a) only if

> the ordinance ... directly or indirectly impede[s] implementation of a [state law] which [seeks] to further a specific state-wide policy.

*Simpson,* 635 P.2d at 1203–04, quoting the Alaska Supreme Court's decision in *Cremer v. Anchorage,* 575 P.2d 306, 307 (Alaska 1978).

■ More particularly, in situations like the present case, where the discrepancy between state and local law arises from the fact that the local ordinance prohibits conduct that is not prohibited by state law,

> an essential criterion of inconsistency under 28.01.010(a) is whether the [local] ordinance in question seeks to proscribe conduct which ... the [state] legislature intended, as a matter of policy, to permit.

*Simpson,* 635 P.2d at 1204, quoting *Cremer,* 575 P.2d at 308 n. 5 (internal quotations omitted).

■ In other words, "when [a] question of inconsistency under AS 28.01.010(a) is raised, the issue is not whether there is a ... discrepancy between state law and local ordinance; rather, the inquiry must focus on whether [that] discrepancy ... impedes or frustrates [a] policy expressed by state law." *Simpson,* 635 P.2d at 1204.

■ In the present case, the challenged local ordinance prohibits drivers from "accelerat[ing] a vehicle which is stopped, standing[,] or parked on or along a highway[,] or which is entering a highway, so rapidly as to unnecessarily cause the tires to squeal or spin ...". As we explained earlier, there was a former state traffic regulation that prohibited this same conduct (using exactly this same wording), but the Department of Public Safety repealed that regulation in 1979.

If the Department, by repealing this regulation, intended to implement an affirmative state policy of allowing drivers to engage in unnecessary tire-spinning when they accelerated their vehicles, then the Juneau ordinance would be invalid; it would be "inconsistent" with state law under the interpretation of AS 28.01.010(a) that we adopted in *Simpson.*

But, as the superior court acknowledged, the present record is silent as to what motivated the Department of Public Safety to repeal the former traffic regulation. This means that there is nothing in the record to suggest that the Department's act of repealing the state regulation was intended to implement a state-wide policy of permitting unnecessary tire-spinning.

Given a silent legislative record, we believe it unlikely that the Department of Public Safety intended to affirmatively authorize or encourage this behavior. The more likely inference is that the Department simply decided to leave this conduct unregulated at a state level. Accordingly, a municipal ordinance that regulates or prohibits this conduct is not "inconsistent" with state traffic law, as we defined that concept in *Simpson.*

For these reasons, we conclude that the Juneau ordinance does not violate AS 28.01.010(a). The decision of the superior court is therefore REVERSED.